Miller et al. v. Miller et al.

1. **Pleading**: RECITALS IN EXHIBITS ARE NOT ALLEGATIONS OF PLEA. The recitals contained in a deed and abstract of title attached to an answer as exhibits are not to be regarded as averments of the answer, unless specially made so by proper allegations; and, where an answer was bad on demurrer, except as such recitals were considered as averments of the answer, the demurrer should have been sustained.

2. **Title to Real Estate under Executor's Deed**: EVIDENCE TO ESTABLISH. Where one seeks to establish title to real estate derived from one deceased, through an executor's deed, he must not only introduce his deed in evidence, but he must prove the will, the probate thereof, and lawful proceedings ending in the execution of the deed; and recitals in the deed are not competent to establish these facts as against persons not in privity with the grantor. [Compare *Costello v. Burke, ante*, p. 361.—REPORTER.] And, where such evidence is wanting, the title cannot be established by proof that the consideration money was distributed to the heirs of the decedent.

3. **Practice on Demurrer**: ALLEGATIONS OF ASSAILED PLEADING ALONE TO BE CONSIDERED. The court in considering a demurrer must consider alone the allegations of the pleading assailed. It would be error to consider facts not pleaded, but of which the court might take judicial notice if pleaded, and give the pleader the benefit of such facts.

*Appeal from Guthrie Circuit Court.*

THURSDAY, APRIL 24.

ACTION in chancery to quiet the title of certain lands, and to partition the same. One of the defendants, Shultz, filed an answer to the petition, to which plaintiffs demurred. The demurrer was overruled, and, plaintiffs refusing further to plead, their petition was dismissed. They now appeal.

*Fogg, Long & Neal,* for appellants.

*E. W. Weeks* and *C. Haden,* for appellees.

BECK, J.—I. The plaintiffs claim title to the land by descent, as the heirs of John H. Miller, deceased. The defendant, Shultz, in the first and second counts of his answer, denies

the allegations of the petition, and in the other counts alleges
that he is the absolute owner of the land, under a purchase
from and a deed executed by one Christopher Hootman, "ex-
ecutor of the last will and testament of John H. Miller."
He also alleges payment for the land, and that he cannot at-
tach a copy of the will to his answer. He attaches to his
answer, as an exhibit, a copy of the deed executed by Hoot-

1. PLEADING:
recitals in are
not allega-
tions of plea.
man, as well as an abstaact of his title, which
corresponds with plaintiffs' abstract of title, ex-
cept that it refers to the will of Miller and the
deed executed by Hootman. There is no averment of the ex-
ecution and probate of the will, the appointment and qualifi-
cation of Hootman as executor, the provisions of the will,
nor of any proceedings of any probate court concerning the
will or deed. No copy of the will is attached to the answer.
The copy of the deed made by Hootman, and attached to the
petition as an exhibit, recites the will, its probate in the state
of Ohio, and the appointment and qualification of Hootman
there as executor, the filing and approval of a bond by him
in Guthrie county, where the lands are situated, and the sale
of the land pursuant to the terms of the deed. The deed re-
cites, in a general way, the provisions of the will, and the
abstract of title states that the will was recorded in Guthrie
county.

The demurrer assails the answer, except the first and second
counts, on the ground that it does not show facts entitling
defendant to the relief he demands, in that it fails to show
that Hootman was authorized to make the deed, and that it
has been approved by the proper probate court of this state.

II. It cannot be doubted that the answer, in the counts as-
sailed by the demurrer, fails to aver facts constituting a
defense to the action.. The recitations of the deed of Hoot-
man filed as an exhibit are not to be regarded as averments
of the answer. Did the answer allege their truth, it is pos-
sible that they could be so regarded; but there is no allega

tion to that effect. The recitations of the deed do not bind plaintiffs, who are not privies of the grantor, but claim adversely to him. 1 Greenleaf's Ev., § 23; *Carver*

**2. TITLE to real estate under executor's deed: evidence to establish.** *v. Jackson*, 4 Peters, 1. Defendant, in order to establish title under this deed, must, in addition to introducing it in evidence, prove the will, the probate thereof, and lawful proceedings ending in the execution of the deed. But defendant does not allege these things in his answer. The recitations of the deed are not made a part of the answer by reference thereto and by proper averments of their truth. Surely the copy of the deed cannot supply the omissions of the answer, and be taken as the expression of averments which ought to have been made in the answer. These remarks are applicable to the abstract of title made an exhibit to the answer. It contains nothing except the facts of the recording of the will and the execution of the deed. In our opinion the demurrer ought to have been sustained.

III. The defendants filed an amended abstract, showing that the answer alleges that the money paid by defendant for the

**THE SAME.** land was paid and distributed to the heirs and widow of the testator, and that, upon "the hearing of the demurrer, the court took judicial notice of its own record," and thereby found the appointment and qualification of Hootman as executor, and the record of the will in Guthrie county. The plaintiffs deny these corrections of their abstract. We need not settle this dispute, but, for our present purposes, regard defendants' corrections as presenting matters as found in the record. The facts stated constitute no ground upon which the ruling of the circuit court can be sustained. If it be true that the money paid by defendants for the land was distributed to the heirs of John H. Miller, the defendants did not acquire, by reason thereof, title to the land. If the circuit court, upon the trial of the demurrer to the petition, proceeded to try the case on the merits as disclosed by evi-

**3. PRACTICE on demurrer: allegations of assailed pleading alone to be considered.** dence, and upon facts not averred in the answer, but of which judicial notice may be taken, and thereon overruled the demurrer, it was error. The court could not go outside of the answer to discover facts upon which it might be held that defendant was entitled to recover.

The decree of the circuit court is reversed, and the cause is remanded for judgment sustaining the demurrer, and such further proceeds as are authorized by law.

REVERSED.