Edward McCoy v. L. C. Pease.

Delivered November 3, 1897.

**1. Land Certificate—Transfer Before Location.**

The right to acquire title to land by virtue of a headright certificate is capable of transfer by the owner, whether the certificate has been located or not.

**2. Same—Transfer Not Executory, When.**

Where there is an executed written transfer of a land certificate sufficient to pass the title, the fact that it is followed by an obligation binding the grantors in a penal sum to make to the grantee a full and bona fide title to the land, does not make it an executory contract for a conveyance.

**3. Evidence—Recitals of Heirship in Ancient Deed.**

A recital in a deed that the grantors are the heirs at law of a person deceased, who was the former owner of the land, is no evidence as against a stranger, either as to heirship or the death of such former owner, even though such recital is in an ancient instrument.

**4. Land Certificate—Transfer of a Transfer.**

A transfer by J. written on an instrument conveying to him a land certificate, and which purports to convey all the right, title, and interest of J. "in and to the within bond and certificate," passes his title to the land certificate and the land to be located by virtue thereof.

**5. Evidence—Recitals in Deed of Executor.**

Recitals in an executor's deed are not competent to establish the testator's will, the probate thereof, and the proceedings ending in the execution of the deed as against persons not in privity with the grantor.

**6. Trespass to Try Title.**

Plaintiff in trespass to try title must recover on the strength of his own title, and not on the weakness of the adversary title.

Appeal from LaSalle. Tried below before Hon. M. F. Lowe.

*S. T. Dow* and *Lane & Hicks,* for appellant.—1. The recitals in a deed are only evidence against parties and privies, and do not bind strangers. 1 Greenl. on Ev., sec. 23, note 2; Williams v. Chandler, 25 Texas, 11; 2 Dev. on Deeds, sec. 996; Costella v. Burke, 63 Iowa, 361.

2. A defendant can not be stopped by recitals in deeds when the action is not founded on these deeds and he does not defend under them. Linney v. Wood, 66 Texas, 28.

3. No possession being taken of the land in controversy by Johnston or his vendees, and no suit having been brought on the bond for specific performance, or for breach of contract, said bond passed neither the legal nor equitable title to the land, and the contract must be presumed to have been abandoned mutually by the parties. Rev. Stats., art. 3360; Watson v. Inman, 23 Texas, 531; de Cordova v. Smith, 9 Texas, 129; Glasscock v. Nelson, 26 Texas, 150; Smith v. Hampton, 13 Texas, 459; Fleming v. Reed, 37 Texas, 152; Dull v. Blum, 68 Texas, 301.

4. In trespass to try title plaintiff must recover on the strength of his own title and not upon the weakness of his adversary's. Henderson v. Linley, 75 Texas, 189; Sebastian v. Martin-Brown Co., 75 Texas, 292; Hillman v. Meyer, 35 Texas, 541; Herrington v. Williams, 31 Texas, 461.

*William Brueggerhoff* and *W. J. Bowen*, for appellee.—When written instruments are thirty years old, come from proper custody, are free from suspicion, and have been acted upon contemporaneously or soon after their apparent date, they are admissible in evidence, without further proof of genuineness of execution. 1 Greenl. on Ev., secs. 569, 570; 49 Texas, 118, 594; 58 Texas, 448.

NEILL, ASSOCIATE JUSTICE.—This is a suit of trespass to try title brought March 30, 1871, by the appellee against appellant for a tract of 1636 acres of land, a part of the James Bridges league and labor, lying in LaSalle County, and for damages. The petition is in the ordinary form for actions of this character. The appellant, defendant below, pleaded not guilty.

The case was tried by the court without a jury, and resulted in a judgment in favor of plaintiff for the land in controversy and for $75 damages, from which the defendant has appealed.

The appellee introduced the following instruments to support her action: (1) An instrument bearing date May 31, 1844, executed by R. O. Beene and thirteen other parties of as many different names, in which they designate themselves as *heirs of James Bridges, deceased,* which conveys to William C. Johnston all their "right, title, and interest in one league and labor of land, it being the headright of James Bridges, deceased," and bind themselves and their heirs unto William C. Johnston in the penal sum of $5000 to make a full and bona fide title to said league and labor. The instrument stipulates that Johnston "is to have said land surveyed and carried into title at his own expense." (2) A transfer, written on the preceding instrument, bearing date March 18, 1845, by which William C. Johnston conveyed to F. J. Ham and E. J. De Bard, in the following language, "all the right, title, and interest that I have in and to the within bond and certificate." In explanation of the transfer Johnson wrote below it as follows: "The certificate transferred above was granted to James Bridges, Sr., by the Board of Land Commissioners of San Augustine County for a league and labor of land, and the bond to me therefor; the same was recorded in Book H, on pages 90 and 91,

of Nacogdoches County, June 10, 1844, Record of Deeds. (Signed) William C. Johnston, in the presence of Bluford Mitchell." Which instrument was duly acknowledged and was recorded in La Salle County on March 19, 1883. (3) A deed bearing date December 15, 1875, executed by E. J. De Bard, Mrs. L. W. Ham, J. S. Grinnan, Mrs. Desha B. Grinnan, and Miss Lucy Ham, whereby, in consideration of locating and obtaining patent for the James Bridges headright for one league and labor of land and $1.06 paid, they convey to P. de Cordova, H. C. Withers, and James P. McKenney the 1636 acres of land by metes and bounds, described in plaintiff's petition. This deed was duly acknowledged and recorded. (4) A patent, No. 191, volume 21, issued by the State of Texas on July 22, 1875, to James Bridges, his heirs or assigns, by virtue of duplicate headright certificate No. 29-117 issued to said Bridges by the Commissioner of the General Land Office, February 11, 1870, for 20,355,000 square varas of land lying in LaSalle County, which includes the land sued for. (5) A deed executed by H. C. Withers to James P. McKenney and P. de Cordova, conveying to them all his interest in the 1636 acres described in plaintiff's petition, which deed is dated May 8, 1876, and is duly recorded and acknowledged. (6) A deed executed January 27, 1880, by Fannie C. McKenney to P. de Cordova, conveying to him all her interest in the 1636 acres sued for. This deed recites that the grantor is the widow and sole legatee and executrix of James P. McKenney, deceased. It was duly authenticated and registered. (7) A decree of the District Court of LaSalle County, rendered November 10, 1855, in cause No. 45, styled E. J. Mantooth et al. v. P. de Cordova, in which, so far as it affects this case, there is as follows: "And now on this day the above cause coming on trial, the plaintiffs, E. J. Mantooth, W. J. Townsend, Thomas P. Rhodes, J. W. Cherry, Raford McGinnis, Patsey McGinnis, Elizabeth Crane and Jerry Crane, her husband, Emeline McGinnis, Mary Thornton and Louis Thornton, her husband, John McGinnis, and George McGinnis, and the defendants, P. de Cordova, J. S. Grinnan, D. B. Grinnan, Mrs. L. W. Ham, a feme sole, Mrs. Lucy Ham Coleman and P. C. Coleman, her husband, and Julia De Bard, sole legatee, devisee, and executrix under the last will and testament of E. J. De Bard, deceased, appeared by their respective attorneys and announced ready for trial, and in open court agreed that the following judgment shall be entered in this cause, to wit: first, that the defendant P. de Cordova shall recover of and from the plaintiffs that portion of the land in controversy claimed by him and set up in his answer, giving a description of the land in controversy. The decree partitioned the remainder of the James Bridges league and labor among the other parties plaintiffs and defendants in said suit, in accordance with the agreement between them. (8) A deed from P. de Cordova, of date July 19, 1886, conveying to appellee the identical tract of land described in plaintiff's petition and in the foregoing instruments. (9) Oral proof that the appellant

Edward McCoy has the greater part of the land sued for under fence and uses it for raising and grazing cattle.

The defendant Edward McCoy introduced in evidence, (1) a deed from T. B. Bridges and wife, A. B. Bridges, of date January 29, 1894, conveying him "all the undivided interest that grantors have as heirs at law of James Bridges, deceased, to all land located in LaSalle County, Texas, to James Bridges or to his heirs, the same being an undivided one-seventh interest, and containing at least 733 acres; and (2) the patent hereinbefore described.

It was agreed by all parties that Edward McCoy, appellant, had 1200 acres of land out of the 1636 acres tract sued for, under fence and was using the same.

*Opinion.*—The appellant objected to appellee's introducing in evidence the first instrument offered by her, which is the one by the parties designating themselves as the heirs of James Bridges, deceased, to William C. Johnston, on the following grounds: (1) that the instrument purports to convey land and fails to describe the same, and is void for want of certainty of description of land or certificate for land; (2) that the same is a bond for title—an executory contract—and if for land, is a stale demand and barred by the statute of limitation of ten years; and (3) that before said instrument could be used in evidence it must be shown that James Bridges is dead, and that the grantors in the instrument are his heirs, independent of the recitals in the deed. The overruling of these objections by the court is assigned as error.

We do not think the first and second objections tenable. The conveyance is sufficient to pass the grantors' interest, if they had any, in the headright certificate of James Bridges, whether it was located or not. The inference is clear from the language, "the said Johnston is to have the land surveyed and carried into title at his own expense," that the Bridges headright had not been located and was only a right to acquire title to land. This right, whether it existed in the form of a located certitficate or not, was such as could be transferred by the owner. The instrument being sufficient to pass such interest as the grantors may have had, must be regarded as executed, and the fact that they bound themselves by the same instrument, after using words to pass their interest, in the penal sum of $5000, to make or cause to be made the grantee a full and bona fide title to the league and labor, does not make it an executory contract for a conveyance.

We view the third objection differently, no evidence at any time having been offered to show that the grantors were the heirs of James Bridges. If they were not, as they designated themselves in the instrument, the *heirs* of James Bridges, deceased, no right, title, or interest in the Bridges headright passed to their grantee; and as the validity of appellee's title depends upon Johnston's having title when he transferred to Ham and De Bard, she can not recover, unless it is shown that Johnston's grantors were such heirs. The question then is, can the recitals in the deed be

taken as evidence of heirship? The general rule is that recitals in a deed are only evidence against privies, and do not affect strangers. 1 Greenl. on Ev., sec. 23; Williams v. Chandler, 25 Texas, 11. Therefore a recital that the grantor is the heir at law of a person deceased, who was the former owner of the land, is no evidence, as against a stranger, of either the heirship or the death of the former owner. Such a recital is, of course, no evidence in favor of the grantor, and it is no better evidence in favor of any one claiming under the grantor. It is no more competent as evidence, as against a stranger to the deed, of the facts stated, than it would be if embodied in a letter or any other paper. 1 Jones on Real Prop. and Conv., sec. 251; Costello v. Burke, 63 Iowa, 361; 19 N. W. Rep., 247.

It is insisted that as the recital is in an ancient instrument, it is evidence of the heirship of the grantors. It has been held, and is well established in this State, that where a conveyance would be competent evidence as an ancient deed without proof of its execution, the power under which it purports to have been executed will be presumed, and a recital of such power will be held sufficient evidence of the existence of such power and its execution. Watrous v. McGrew, 16 Texas, 506; Veremandi v. Hutchins, 48 Texas, 532; Johnson v. Timmons, 50 Texas, 521; Harrison v. McMany, 71 Texas, 122; Williams v. Hardie, 21 S. W. Rep., 267. But we do not think that the principle upon which these decisions rest is in any way analogous to the one contended for by the appellee. A recital by a grantor in a deed which is over thirty years old that he is an heir of a prior owner of the property conveyed, has no relation to his power to make it, but is an assertion of his title by virtue of heirship to the estate of the deceased owner, and can be no more evidence of the truth of the assertion thirty years after the statement was made than it was on the day the instrument was executed. The fact of heirship is ordinarily susceptible of proof, and the bare statement of him in whose interest it is made should not be taken as evidence of its truth against anyone without he is a party or privy to the instrument in which it is contained. Counsel for appellee have cited us to no case sustaining their contention, and the writer knows of none, though he has assiduously searched the reports to find a case in which the question has been decided. We therefore hold that the recital in the instrument was not evidence either of the death of James Bridges or that the grantors were his heirs, and, there being no evidence of such heirship, the instrument was improperly admitted and considered as evidence of title in appellee.

Without evidence that the instrument above referred to was executed by the heirs of Bridges, the transfer written thereon by Johnston to Ham and De Bard was immaterial, for Johnston could not make title unless he had title himself. If, however, heirship had been proven, we believe it would have passed title to the certificate, and would have been admissible as evidence of it. So would the patent have been admissible as evidence of appellee's title, had the death of Bridges been shown to have occurred prior to the date of the conveyance to Johnston and his grantors, the

heirs of James Bridges. But in the absence of such showing, it was no evidence of title in the appellee.

The deed from De Bard and others to P. de Cordova and others (the third instrument mentioned in our statement of plaintiff's title) would have also been evidence of appellee's title, were it not for the failure of the testimony to show that De Bard ever acquired any title from Johnston or anyone else. It is true that no connection was shown between the other grantors in the instrument and the title asserted under the preceding instruments. A conveyance to De Bard had, however, been shown, and if the effect of it was to vest title to any part of the land in him, such title passed by the deed in question to P. de Cordova, under whom appellee claims. It is urged by appellee's counsel that the other grantors, Mrs. L. W. Ham, J. S. and D. B. Grinnan, and Lucy Ham, are the heirs of F. J. Ham, one of Johnston's grantees. If so, it should have been proven.

The appellant complains of the court's admitting over his objections the deed from Fannie C. McKenney to P. de Cordova. The objections were that there was no proof of J. P. McKenney's death or that he made a will, or that his will had been probated, or that Fanny C. was the executrix, or the sole legatee thereunder, or had power to convey. These objections should have been sustained. Recitals in an executor's deed are not competent to establish the testator's will, the probate thereof, and the proceedings ending in the execution of the deed, as against persons not in privity with the grantor. The execution and probate of the will, the appointment and qualification of the executor, the provisions of the will and probate proceedings, must be proved by competent evidence, without the aid of any recitals in the deed. 1 Jones on Law of Real Prop. in Conv., sec. 251; Dev. on Deeds, sec. 996; Miller v. Miller, 63 Iowa, 387, 19 N. W. Rep. 251.

The judgment mentioned in our statement of the appellee's evidence would have been properly admitted had the parties to it connected themselves with the title to the survey it partitioned among them.

It is elementary that in trespass to try title the plaintiff must recover on the strength of his own title, and not upon the weakness of that of the adversary. The evidence in this case is wholly insufficient to support the judgment of the District Court, but as the trial judge deemed and admitted the recitals in the deeds relied upon by plaintiff as sufficient to show essential facts, and as plaintiff may on another trial produce competent evidence to establish them, we will not render judgment against her, but will reverse the judgment and remand the cause.

*Reversed and remanded.*