JAMES M. RUNKLE, APPELLEE, V. DANIEL T. WELTY, APPELLANT.*

FILED MARCH 21, 1907.  No. 14,714.

Ejectment: TITLE: EVIDENCE.  In an action of ejectment, when the plaintiff's testimony shows defendant in possession of the disputed lands under a claim of ownership, plaintiff must then recover on the superiority of his title, and, if he relies on a record or paper title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims.

*Rehearing allowed.  See opinion, p. 574, *post.*

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*E. B. Perry, contra.*

OLDHAM, C.

This was an action in ejectment instituted by the plaintiff against the defendant for the purpose of determining the title and right of possession to a strip of land in Furnas county, Nebraska, on the boundary line between the lands of the plaintiff and of the defendant. The answer filed was a general denial. There was a trial of the issues to the court and jury, and at the close of plaintiff's testimony defendant rested, and moved for a verdict in his favor. This motion was denied, and, the value of the rents and profits having been stipulated between the parties, the court directed a verdict in favor of the plaintiff, and defendant appeals.

Plaintiff claimed the land in dispute as part of a quarter section of land owned by him, and, in proving title to his quarter section, he merely introduced the deed of his immediate grantor, without attempting to connect his title to a grant of the land from the United States government, or to a common source from which each of the parties claims. Plaintiff's testimony showed that in 1894 the disputed boundary was surveyed by one Phoebus, then the county surveyor of Furnas county, and that after this survey the defendant erected a fence along the line of this survey, and had held possession under claim of ownership of the tract for between eight and nine years prior to the institution of this suit. There was no evidence in the record that either plaintiff or his immediate grantor had ever been in actual adverse possession of the disputed tract. There was evidence, however, tending to impeach the accuracy of the Phoebus survey, which started from a disputed corner as located by one Hill, while county sur-

veyor in 1884. Plaintiff based his claim of title on sur- veys made from the disputed corner as located by county surveyor Hasty in the year 1880. He also offered proof tending to show the accuracy of the Hasty survey.

Now, the question arises as to whether, in this state of the record, the trial court was justified in directing a verdict in favor of the plaintiff, when the value of the rents and profits of the land was not in dispute. In an action of ejectment, when the plaintiff's testimony shows defendant in possession of the disputed lands under a claim of ownership, plaintiff must then recover on the superiority of his title, and, if he relies on a record or paper title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims. No chain of title, which does not reach back to the sovereignty of the soil, is sufficient of itself to constitute *prima facie* evidence of title, and, where the chain does not reach the sovereignty, there must be proof that some one of the grantors in the line of title was in possession before the defendant in possession can be required to justify his holding. 10 Am. & Eng. Ency. Law (2d ed.), 484. If, instead of relying on his record title, plaintiff claims title by adverse possession of the tract of land in dispute, and merely relies on the deed to show color of title, he cannot recover under the proof offered, because it fails to show that either plaintiff or his grantor has been in possession of the disputed tract for the statutory period.

It is contended by appellee, however, that, "where defendant offers no evidence of title, the prior possession of the plaintiff is of itself sufficient to entitle him to recover." The only correction on this statement of the rule is that, where *no* evidence is offered by either party tending to show title or right of possession in the defendant. then plaintiff's prior possession under a claim of ownership is sufficient to entitle him to recover. But, if evidence is offered, no matter whether by defendant or plain-

tiff, which tends to show that defendant is in possession under a claim of ownership, then this rule does not apply. We have no quarrel with the rule, that proof of possession under claim of ownership is sufficient to entitle plaintiff to recover in an action of ejectment against a mere trespasser, who enters without right, but this rule has no application to the facts shown by the plaintiff's testimony in this case. We think that plaintiff, having failed to trace his record title to the general government, or to a grantor in possession, or to a common source from which both parties claim, was not entitled to a directed verdict. *Omaha Real Estate & Trust Co. v. Reiter,* 47 Neb. 592.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on rehearing was filed July 12, 1907. *Former judgment of reversal adhered to:*

Ejectment: EVIDENCE. Where, in an action in ejectment, the plaintiff's chain of paper title does not reach back to the sovereign, or to a common source from which both parties claim, he must prove that he, or at least one of the grantors in his chain of title, had at some time been in possession of the premises before he can recover.

BARNES, J.

This is an action in ejectment. The real question in dispute, however, is the location of a boundary line. By our former judgment, *ante,* p. 571, it was held: "In an action of ejectment, where the plaintiff's testimony shows defendant in possession of the disputed lands under a

claim of ownership, plaintiff must then recover on the superiority of his title, and, if he relies on a record or paper title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims." In his brief and motion for a rehearing, counsel for the plaintiff challenged the correctness of the statement of facts contained in our opinion, and positively asserted that the evidence showed that before the time the action was commenced the plaintiff had been in actual possession of the strip of land in dispute, and had prior to 1892 been in possession of it as a tenant of his immediate grantor. A rehearing was therefore granted, and during the reargument of the case it was disclosed, that about nine years before the action was commenced the defendant placed a fence on what he claimed to be the boundary line, and took possession of the strip of land in dispute. This was plaintiff's testimony. To maintain his action he further testified that he had claimed to own the quarter section, of which he says the land in question is a part, ever since 1892. He also produced a deed, correctly describing a part of that quarter section, from his immediate grantor, which was introduced in evidence; and, after proof of several surveys made for the purpose of establishing the boundary line in question, plaintiff rested his case. The defendant introduced no evidence whatever, and the court thereupon directed a verdict for the plaintiff.

The plaintiff now invokes the rule that "proof of prior possession is sufficient to maintain ejectment as against a mere naked trespasser." This rule has no application to the facts in this case, for, as above stated, the plaintiff testified that at the commencement of the action the defendant was in the possession of the land in dispute claiming to be the owner thereof, and we find no evidence in the record to the contrary. It is also insisted that "possession coupled with color of title must prevail in ejectment, except where a better title is shown in the

defendant." It is sufficient to say that the facts disclosed by the record do not warrant the application of this rule. As we have correctly stated in our former opinion, the plaintiff failed to prove a paper title to the land in controversy either from the sovereign or a common source. It is true he introduced a deed in evidence, describing the quarter section of which he claims the strip of land in dispute is a part, from one C. M. Brown and wife to himself; but failed to show that Brown had ever been in possession of the land, that he was ever the owner thereof, or that the plaintiff was ever in possession of the premises. The plaintiff having failed to prove title and right of possession of the land in question, the district court erred in directing a judgment in his favor.

Our former judgment was therefore right, and is adhered to.

REVERSED.