JOHN F. REAMS, APPELLANT, V. ALBERT W. SINCLAIR,
APPELLEE.

FILED MARCH 16, 1911. No. 16,346.

1. **Ejectment: EVIDENCE: SUFFICIENCY.** As a general proposition, the
   plaintiff in ejectment must recover, if at all, upon the strength of
   his own title, and not upon the weakness of his adversary's.

2. **Courts: JURISDICTION.** The courts of Illinois have no authority by
   partition proceedings to transfer title to real estate in Nebraska.

3. **Estoppel: RECITALS IN DEED.** The recitals in a master's deed
   which purports to convey title to real estate in Nebraska, but
   executed in a suit prosecuted in the circuit court of Illinois, are
   not competent proof, against a stranger to the record and not in
   privity therewith, of the death of a person whose lands are
   sought to be conveyed thereby, or of any fact that might estop
   the legal representatives of such deceased person from asserting
   title to the land.

4. **Ejectment: EVIDENCE: SUFFICIENCY.** A plaintiff in ejectment, who
   has not established a *prima facie* right to the possession of the
   premises, is in no position to urge that the defendant is a tres-
   passer.

APPEAL from the district court for Franklin county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*A. H. Byrum* and *G. J. Marshall,* for appellant.

*H. W. Short* and *W. C. Dorsey, contra.*

ROOT, J.

This is an action in ejectment. From a judgment ren-
dered upon a directed verdict in the defendant's favor,
the plaintiff appeals.

The petition contains the ordinary allegations with
respect to the plaintiff's title and the defendant's wrong-
ful possession. The answer is a general denial. The
plaintiff by documentary evidence traced title from the

United States to Fred Smith. Over the defendant's objections the plaintiff introduced in evidence the record of a deed executed by W. R. Curren, master in chancery, in and for Tazewell county, Illinois, which purports to convey title to the plaintiff's grantor. There are recitals in this instrument to the effect that it was made in chancery proceedings pending in the circuit court of Tazewell county, in an action wherein Deitrich C. Smith, Habbe Velde, Luppe Luppen, as surviving partners of T. & H. Smith & Company and of the firm of Pekin Plow Company, and Carrie Smith, Susan Velde and Catherine Luppen were complainants, and Louise Smith, as surviving wife and administratrix of the estate of Frederick C. Smith, deceased, and others were defendants, and that in said proceedings definitely described tracts of land in Illinois, South Dakota and Nebraska were ordered sold by the master, etc.

The tract involved in this action contains 80 acres, of which 50 acres are cultivated; all of it is rough, and the defendant occupied it for about two years preceding the commencement of the action. Six months' written notice to quit was served upon the defendant before this action was commenced. There is no proof of the circumstances under which the defendant secured possession of the land, whether under a claim of right or by force of arms, nor to show whether Fred Smith, or any person by his authority, at any time occupied the premises. There is no proof other than the recitals in the master's deed that Fred Smith is dead, nor is there a scintilla of evidence that T. & H. Smith & Company or the Pekin Plow Company at any time had any interest in the land, or that Fred Smith held title thereto for these partnerships or either of them. Under these circumstances did the court err in directing a verdict for the defendant? The cause is submitted on the theory that the proceedings in Illinois were in partition. Upon that hypothesis the decree of the Illinois circuit court could not in itself affect the title to land in Nebraska.

In *Schick v. Whitcomb,* 68 Neb. 784, we held that partition proceedings are *in rem,* and that the courts of one state have no jurisdiction to partition lands lying within the boundaries of another. See, also, *Cartwright v. Pettus,* 2 Ch. Cas. (Eng.) 214, 22 Eng. Rep. (Reprint) 916; *Wimer v. Wimer,* 82 Va. 890; *Pillow v. Southwest Virginia Improvement Co.,* 92 Va. 144; *Farmers Loan & Trust Co. v. Postal Telegraph Co.,* 55 Conn. 334. If the suit in Illinois were prosecuted to distribute the assets of a partnership dissolved by the death of a partner, as seems possible from the recitals in the deed, and if Fred Smith held title to this land for the benefit of the firm, the legal effect of a decree rendered by a court having jurisdiction of all persons interested in the firm and of the legal representatives of Fred Smith, if he is dead, would be entirely different from that of a decree rendered in ordinary partition proceedings.

In the instant case there is no proof that any part of the consideration for the master's deed was paid to any heir, devisee or other legal representative of Fred Smith, nor were any circumstances brought to the district court's attention tending to prove that, by reason of the conduct of the owners of the land, they parted with their interest therein. It is not made to appear that the defendant holds under Fred Smith, or his successors in interest. For all the record discloses, he may hold under a tax deed. In that event his title would flow direct from the state, independent of all estates theretofore vested in any person. In the condition of the record, the recitals in the master's deed did not bind the defendant. *Costello v. Burke,* 63 Ia. 361; *Miller v. Miller,* 63 Ia. 387. Since the plaintiff did not prove a *prima facie* title to the land or the right to the possession thereof, he is not in position to invoke the rule that any title is sufficient as against a mere trespasser. *Hammond v. Shepard,* 186 Ill. 235; *DeLand v. Dixon Power & Lighting Co.,* 225 Ill. 212. We find nothing in this record to take the case out of the general rule that the plaintiff in ejectment must prevail, if at all,

upon the strength of his own title, and not upon the weakness of his adversary's.

The judgment of the district court therefore is

AFFIRMED.

LETTON, J. not sitting.