## No. 28,818.

SARAH F. BARKER, *Appellee*, v. CHARLES LASHBROOK and LEDA V. LASHBROOK, *Appellants*.

(279 Pac. 12.)

Opinion filed July 6, 1929.

*Justus N. Baird*, of Kansas City, for the appellants.
*James P. Fox*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This case involves the construction of a deed with reference to a part of a railroad right of way through a tract of 120 acres described by metes and bounds and concluding as follows:

"Less one acre in southeast corner for school purposes and 3.81 acres taken by the Kansas City, Wyandotte & Northwestern Railway, containing 117.19 acres, more or less."

The contention is between the grantor in this deed, executed in 1887, and the present owners of a part of the tract lying immediately north of the railroad right of way, which is now abandoned. The proceeding is in the form of an ejectment action brought by the former owner, who executed the deed above described, against the

present adjacent owners, who took possession of the right of way when it was abandoned by the railroad.

The case was tried to the court upon an agreed statement of facts, and the trial court held that the above words of exception in the deed excluded from the conveyance to the grantee all and every interest in the 3.81 acres taken by the railroad, and that upon abandonment it reverted to the original owner and not the present landowners abutting on the right of way, who claim title through the above-described and subsequent conveyances.

The defendants appeal and insist that the conveyance of the 120 acres through which the right of way was condemned included all of appellee's interest in and to the servient estate of the right of way, and upon subsequent abandonment the right of way reverted to the adjoining landowners deriving title through the deed in question. Appellee concedes this to be the rule of law unless a specific exception or reservation is made by the grantor, as she maintains was made in this case; that the excepting clause absolutely and clearly excludes this excepted portion from the conveyance, which is further confirmed and clarified by the specific acres excepted and the specific remainder conveyed, as expressed in acres.

Four important Kansas cases, viz., *Abercrombie v. Simmons*, 71 Kan. 538, 81 Pac. 208; *Bowers v. Atchison, T. & S. F. Rly. Co.*, 119 Kan. 202, 237 Pac. 913; *Platt v. Woodland*, 121 Kan. 291, 246 Pac. 1017; and *Roxana Petroleum Corp. v. Jarvis*, 127 Kan. 365, 273 Pac. 661, are cited and applied by both parties to the question here involved.

In the Abercrombie case the distinction is readily observed between the facts in that case and this one. There the right of way was acquired by the railroad by deed, which was held to be of the same effect as by condemnation, and was after abandonment conveyed by the railroad to the plaintiff, who brought ejectment action against the owner of the adjoining land. It was not a question between the grantor and the grantees of the adjoining land, as in this case.

In the Bowers case it was held that the owner of a twenty-five-foot strip between a railroad right of way and an abandoned highway acquired title to the middle of the highway, although the deed bounded the land on the highway, but without mentioning it, and stated and limited the quantity of land conveyed.

In the Platt case the extent of the interest conveyed was the question involved rather than the quantity of the land, it being a contingent interest. And it was held that a quitclaim deed conveyed all the interest of the grantors, intent to pass a lesser interest not expressly appearing or being necessarily implied from the terms of the grant.

The Roxana case is more nearly in point, because it makes a specific exception of the railroad right of way, but does not designate the acres excepted and the acres remaining, as in this case. In that case it was held:

"Deeds of a quarter section of land in which the numerical descriptions were followed by the expressions 'less railroad right of way' and 'excepting railroad right of way' of a named railroad, interpreted, and held to convey the interest of the grantors in the right-of-way tract." (Syl. ¶ 2.)

In the Roxana case and the Platt case reference is made to R. S. 67-202, which is as follows:

"And every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant."

In the Platt case the word "estate" in this statute was construed to mean "interest" and to include "whatever the grantor could convey."

The question here is, Does the clause in the deed in this case reserve any interest or estate in the grantor?

"In order to keep a portion of their own estate it was necessary for them to do so by express exclusion. There is no basis in these transactions for necessary implication.

"The words 'less railroad right of way' are words of diminution. They expressly refer to the railroad company's estate; and by confining the reference to the railroad company's estate, import of the diminution is fully satisfied. The words do not make it expressly appear that besides the railroad company's estate the estate of the grantors also should not pass.

"Ambiguity in a conveyance does not appear until application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning. Should there be doubt in a right-of-way case above what a grantor intended to pass, the totality of his own interest would pass, by virtue of the statute prescribing method of manifesting intention, because the purpose of express manifestation is to leave no room for well-founded doubt." (*Roxana Petroleum Corp. v. Jarvis,* supra, p. 372.)

In the case of *Roxana Petroleum Corporation v. Sutter,* 28 F. (2d) 159, the circuit court of appeals, eighth circuit, recently held in a

similar case involving part of the same right of way and other property in the same town as in the Kansas case last above cited:

"When owner conveys a tract of land abutting on a railroad right-of-way tract, in which such grantor owns the servient estate and the railroad the dominant estate for right-of-way purposes, his conveyance passes to his grantee such servient estate, unless the intention not to do so be clearly indicated." (Syl. ¶ 2.)

In the case at bar there is nothing more than in the Roxana case to express the intent to reserve to the grantor the servient estate in the right of way, except the statement of three acres included in the right of way and the statement of one hundred and seventeen remaining instead of one hundred and twenty. Appellee argues that this should conclusively show the conveyance was intended to be limited to the remaining portion, or one hundred and seventeen acres, but we do not think the enumeration of acres changes the evident intent of the grantor when she was required by the statute to make any such reservation expressly appear. The most apparent purpose of such statement of acreage excepted for the purpose named and statement of acres remaining was to protect the grantor against the warranties of the deed and to indicate that the railroad held the dominant estate to the three acres and she only the servient estate thereto, leaving only one hundred and seventeen acres free from a dominant right of the railroad company.

"The question whether a right reserved, excepted, or created is one which runs with or is annexed to the land or is one of a temporary or personal character is not ordinarily to be determined by the use of either of the words 'reservation' or 'exception'; but the intent of the parties is to be ascertained by looking to the entire instrument and the circumstances attending the transaction. A reserved right in a conveyance which is not in its nature temporary or personal will be held to run with the land in the absence of some controlling provision to the contrary." (18 C. J. 351.)

A reservation is always construed more strictly than a grant (18 C. J. 344), and it is difficult to conclude that businesslike people, able to own, sell and buy land, could reasonably have had in mind at the time of the sale and purchase the leaving of a long, narrow strip of land through the 120-acre tract that was to remain the absolute property of the grantor in the happening of a very possible contingency. In the Bowers case above cited this is spoken of as being so absurd and unreasonable as even to be against public policy.

"The deed was to be interpreted most favorably to the grantee. The probability that the grantor would purposely deprive his grantee of the benefit

of the servient soil, and reserve what in the great majority of instances would be of no use to the grantor, was always slight. Experience revealed that separate ownership of long, narrow strips of land distinct from the territory adjoining on each side was prolific of private dispute and public disturbance, and public policy became an important factor in the interpretation. Therefore it became settled doctrine that a deed of land abutting on a road passes a moiety of the road, unless intention not to do so be clearly indicated." (p. 204.)

The following is from the opinion of Justice Taft on this question, as found in *Paine v. Consumers' Forwarding & Storage Co.*, 71 Fed. 626, 632:

"The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases."

The cases cited from other jurisdictions do not greatly assist in the determination of this question. An examination of them shows very few of them are from states having a statute on the subject, as we have, and in those states having a similar statute the decisions are in favor of grantor's title passing to the grantee except in cases where peculiar and unusual words are used in the exception clause.

We conclude that the exception made in the deed here in question is not such as to make it expressly appear that a less estate than that which the grantor had was intended to be conveyed to the grantee. On the contrary, the language employed is that which is usually and ordinarily used to express the fact that a dominant estate to a certain portion of the land was already in another.

The judgment is reversed and cause is remanded with directions to render judgment for the defendants.