**SHELL PETROLEUM CORPORATION v. WARD et al.**

No. 8794.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1939.

R. H. Whilden, of Houston, Tex., for appellant.

Chas. S. Pipkin and Oliver J. Todd, both of Beaumont, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for the title and possession of 5.6 acres of land, occupied by a right of way for an irrigation canal. The claim was that though included within the metes and bounds, it had been excepted out, of a conveyance plaintiffs had made. The defense was that referred to in the deed as "taken up by the rights of way of the Neches Canal Company's lateral" it had been excepted not from the conveyance, but only from the warranties.

The District Judge took plaintiffs' view as to the construction and effect of the instruments in question, the right of way deed from the Wards to the Canal Company, and the deed of conveyance from the Wards to Gregory. He directed a verdict for plaintiffs. This appeal tests whether that construction was right. We do not think it was.

The right of way deed was dated January 4, 1913. For a consideration of $650 it conveyed to the Neches Canal Company

"the right of way for an irrigation canal, together with the right of ingress and egress for the purposes of constructing, repairing, maintaining and operating said canal on and across the following described land in the Alexander Horton one fourth league survey situated about eighteen (18) miles West from Beaumont, and described as follows: * * *

"So long as said land is used for an irrigation canal, and should said canal be abandoned, and not used for irrigating lands, for a period of five consecutive years, then the right and title to said land shall revert to, and by such abandonment be reinvested in, the said W. W. Ward, his grantees and legal representatives.

"Grantors shall have the right to enclose, use and occupy said land at all times in a way not to interfere with the use and occupancy of said land as an irrigation canal, as above provided by said Neches Canal Company, or its assigns or successors.

"It is further understood that the grantors herein shall have the right to use the lateral ·constructed on the right-of-way above conveyed as a drainage ditch for the drainage of such land adjacent to said lateral as would naturally drain into the same, and grantors shall have the right to take from said lateral and· use and store such drainage water collected in said lateral in reservoirs that may be constructed by them for such purpose, but said lateral is to be used for this purpose only between the pumping seasons and at times and in a way that shall not in any way interfere with the use thereof by grantee as an irrigation canal, or in anyway injure or impair the same as an irrigation canal."

The deed under which appellant, the defendant below, holds was dated November 23, 1917. For a recited consideration of $4,692 it sold and conveyed to Gregory by metes and bounds, including within them the 5.6 acres in controversy, a tract of land described in the conveyance as "containing 162 acres of land."

The material parts of this deed are—

"have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Thomas Gregory, of the County of Jefferson, State of Texas, all that certain tract or parcel of land situated in Jefferson County, State of Texas, and being a part of the Alexander Horton one-fourth league survey, described as follows * * * containing 162.00 acres of land save and except therefrom 5.6 acres taken up by the rights of way of the Neches Canal Company lateral, making 156.4 acres herein and hereby conveyed.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Thomas Gregory, his heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said Thomas Gregory, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

It is a principal of universal application that grants are liberally, exceptions strictly, construed against the grantor. 8 R.C.L. 1094; 14 Tex.Jur. 926; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Barker v. Lashbrook, 128 Kan. 595, 279 P. 12; Bolton v. Dyck Oil Co., Tex.Civ.App., 114 S.W.2d 299; Jones v. Sun Oil Co., Tex. Civ.App., 110 S.W.2d 80; Higdon v. Nichols, 204 Ky. 56, 263 S.W. 665.

This principle is especially vigorous in operation, where, as here, a construction is contended for which would produce the unreasonable result of splitting into two pieces a tract of land, which existed as one tract, subject only to an easement, and which, in reason, must be considered to have been conveyed as such, and not to have been split into separate parts, with a thin wedge of land between.

In Paine v. Consumers' Forwarding & Storage Co., 6 Cir., 71 F. 626, it was said [page 632]: "The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then became valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases." Bowers v. Atchison T. & S. F. R. Co., 119 Kan. 202, 237 P. 913, 42 A.L.R. 228; Patrick v. Jefferson Standard Life Ins. Co., 176 N.C. 660, 97 S.E. 657 are to the same effect.

Appellees, conceding the general principles to be as herein stated, insist that here is no case for construction, but only for giving effect to plain and unambiguous language; that the deed is unambiguous on its face, and it is the duty of the court to

give it effect. 8 R.C.L. 1039; 14 Tex.Jur. 912; McManus v. Chollar, 5 Cir., 128 F. 902.

They urge upon us further that in the cases appellant relies on the thing excepted was in terms a right of way, or an easement. Here the thing excepted is in terms land.

 We cannot agree with any of these positions. We think it quite clear that here is no plain and unambiguous direction in a deed which may be given effect without resorting to construction. On the contrary, construction is imperatively demanded. For the deed, by metes and bounds, describes and in terms conveys 162 acres of land which includes the land in question, and then provides "save and except therefrom 5.6 acres taken up by the rights of way of the Neches Canal Company's lateral, making 156.4 acres herein and hereby conveyed."

If construed as appellees would have it, a result both unreasonable and clearly unintended would have been produced. For it is inconceivable that Gregory, plaintiffs' grantee, would have bought a tract of land split into two tracts by a small narrow strip which the Canal Company was not only authorized to use as a lateral, but if appellees are right, appellees would be entitled, under the restrictions in the Canal deed, to close up and occupy and thus cut appellant's land in two.

If construed as appellant contends it should be, every part of the deed would be harmonized and reconciled, and a result would be produced both reasonable and without doubt, in accordance with what the parties to the deed intended.

Nor are appellees right in saying that none of the cases appellant relies on have construed deeds like this one at bar.

The clauses construed in Shell Petroleum Corporation v. Hollow, 10 Cir., 70 F. 2d 811; Roxana Petroleum Corp. v. Corn, 8 Cir., 28 F.2d 168, and in Barker v. Lashbrook, 128 Kan. 595, 279 P. 12, were almost identical in language.

In the Shell Petroleum Case, the exception was "excepting, however, and not included in this grant, one acre in the extreme NE corner of the SE ¼ which has

been deeded to School District No. 29." [page 812.] In the Barker Case, the language was—"Less one acre in the southeast corner for school purposes and 3.81 acres taken by the Kansas City, Wyandotte & Northwestern Railway, containing 117.-19 acres, more or less." [page 13.]

But there is even more vigorous support for appellant than these cases from other states.

The instrument construed in Penn v. Holland, Tex.Civ.App., 105 S.W.2d 351 is almost identical in terms. It provides "save and except three (3) acres of land out of said tract, the same having been conveyed by me to the Houston Galveston Electric Railway Company." [page 353.]

The decision in this case, and in Jones v. Sun Oil Co., Tex.Civ.App., 110 S.W.2d 80, in both of which the Supreme Court refused a writ of error,[1] leave in no doubt that the law is established in Texas as appellant contends that it is, and the deed should be construed as it contends for.

The judgment is reversed and remanded, with directions to enter judgment for defendant.

in the opinion of the court are correctly determined the Supreme Court shall refuse the application." C/f Hamilton v. Empire Gas & Fuel Co., Tex.Com.App., 110 S.W.2d 561.

---

*Rehearing denied Feb. 27, 1939.

1 Art. 1728, Rev.Stats. of Texas, Vernon's Ann.Civ.St. art. 1728, provides: "In all cases where the judgment of the Court of Civil Appeals is a correct one and where the principles of law declared