CITY OF NEBRASKA CITY, APPELLANT, V. NEBRASKA CITY SPEED & FAIR ASSOCIATION ET AL., APPELLEES.

FILED JANUARY 26, 1922. No. 21472.

1. **Municipal Corporations: GRANT OF USE OF PARKS.** A city cannot by lease, estoppel, or otherwise, grant to any person or association the use and control of such part of its public park as to practically deprive the public continuously of its enjoyment, nor delegate the use and control thereof to private individuals or associations.

2. ———: ———. In providing for the use and control of its public parks, a city, by its proper officers, performs a governmental function, and is not acting in its proprietary or business capacity.

3. ———: ———: ESTOPPEL. A city may be estopped from denying the validity of a contract, irregularly made by it, with reference to matters concerning its business of a proprietary character, when it has received benefits from such contract, if it had

City of Nebraska City v. Nebraska City Speed & Fair Ass'n.

authority to make such contract in the first instance. But a city cannot be estopped from denying the validity of a contract which it had no authority to make.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*W. F. Moran* and *W. W. Wilson,* for appellant.

*L. F. Jackson, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

WELCH, District Judge.

This action is brought by appellant, plaintiff below, to recover from appellees the possession and control of 30 acres of one of the public parks of appellant, containing 46 acres in all.

The appellee claims the right to the possession and control of the land in controversy by virtue of a certain agreement, made on or about December 21, 1908, by the board of park commissioners of the city of Nebraska City with the Nebraska City Speed & Fair Association, and by the city council of the city of Nebraska City by resolution ratified and confirmed. This agreement provided that, in consideration of appellee, Nebraska City Speed & Fair Association, constructing and maintaining a race track in said park, the board of park commissioners, for themselves as such board and for said city, did grant to said appellee for a term of 25 years the grounds designated upon a plat attached thereto as a race track, also ground upon which the amphitheater or grandstand was to be erected by the city, together with all the grounds south of "Second corso" (which road the county commissioners proposed to vacate; the location of which road is not shown in the record herein). The appellee Nebraska City Speed & Fair Association, by the terms of said agreement, was to have exclusive use and control of said ground so granted to it, for its race track, except the infield in said race track; also such

use and control of land adjacent to such race track south of said "Second corso," to be used by appellee for barns, sheds, and corrals. And at all times said appellee was to have the exclusive control and supervision of said race track, buildings, and grounds. It was further provided in said agreement that said appellee should have the exclusive control of the entire tract of land comprising said park, during race-meetings, fairs, and expositions, given by it or under its control, and that it should have full power to charge admission and entry fees to such meetings; all receipts therefor to be the property of said appellee. It was also provided that the infield of said race track might be used for baseball, football and circuses, at the regular license price, and all other athletic amusements and sports might be held thereon, all of which were to be held at such times as might be consistent with the uses and purposes of said ground and buildings by said Nebraska City Speed & Fair Association, and upon reasonable rules and regulations to be made by said Nebraska City Speed & Fair Association and the board of park commissioners of said city. Said Nebraska City Speed & Fair Association, under the terms of said agreement, was also to have, during the time covered thereby, the use of a house then situated on said land, without charge, for occupation by its caretaker, and if not so used, and a revenue was derived therefrom, such revenue should go to the city. And it was further provided that at the expiration of said agreement said appellee should have the right to a renewal thereof. The appellee Tom Kastner claimed that he was in possession of said premises as caretaker and lessee of said Nebraska City Speed & Fair Association. Upon the execution of said agreement said Nebraska City Speed & Fair Association entered into possession of the land, the use and control of which was purported to be thus granted to it, built a race track thereon, fenced the same, and erected barns and sheds on land adjacent to said race track, expending in the aggregate therefor about

$11,000.   Said city built an amphitheater, fenced the entire 46-acre tract, and, together with the board of county commissioners, built a foot-bridge across a ravine through which a creek flowed through said park. The Nebraska City Speed & Fair Association annually from 1909 to 1918, inclusive, held an annual race-meet of three days' duration, and at one time had an exhibit of stock on said grounds. No race-meet or other affairs have been held by said appellee since 1918, but it has continued in possession of the ground claimed by it, has pastured the same with sheep, goats, horses and cows, including in such pasturage a tract of about two acres at the northwest corner of the lands of said park lying south of Table creek, which was not included in the lands covered by said agreement. Appellee association, by its caretaker, has also, for the greater portion of the time during the two years preceding the commencement of this action, kept locked a certain gate to an entrance to said park opening upon said two acres, which two acres are covered with large trees and blue grass.   The said gate is also the only entrance to said park to reach the race track therein, except one which would require the passage along and near said barns to reach said race track.   Appellees have thereby kept the public from enjoying the use and benefit of said race track and the grounds of said park which are in controversy herein, and have kept the gates opening to said race track locked, and the appellee Kastner, as caretaker and lessee of said Nebraska City Speed & Fair Association, has demanded a part of the gate receipts from baseball games, desired to be held on the infield of said race track, and kept the gate to said park locked when ball teams desired to play therein.   The appellee Nebraska City Speed & Fair Association has rented said grounds to the appellee Kastner for $120 to $150 a year, and said Kastner has sublet the house thereon to other parties, receiving one-half the rent paid by him, and no part of said rent has been paid to said city.

The only conclusion that can be drawn from the fore-

going facts, as to the object and purpose of said agreement, is that the same was for the purpose of giving to the Nebraska City Speed & Fair Association, at the expense of the taxpayers of said city, grounds upon which to build a race track for said speed association, and grounds for holding its race-meets, to which it charged an admission. The record shows that the city of Nebraska City voted bonds in the sum of $5,000 to procure funds for the purchase of said 46 acres, and also paid therefor the sum of $5,000 received by it from the sale of a tract of land which had some years prior thereto been purchased with the fund of $5,000 which had been placed in the hands of one W. E. Hill by certain individuals as trustee to be held and invested for park purposes in Nebraska City, and also $500 from other funds of the city, making the aggregate $10,500 paid by the said city in the purchase of the land for said park.

If a race track, for holding race-meets, is a proper improvement for a public park, it must be under the control of the park commissioners of the city. The city had the right to acquire the lands for a public park. When so acquired it must be used for a public park, and the public must be allowed access thereto, subject only to rules and regulations made by the board of park commissioners and ordinances of the city. Neither the park commissioners nor the city have authority to delegate to, or share with, appellees herein, or any person, the making of rules and regulations governing the control of its public park. Neither the park commissioners nor the city had the power to grant to appellee the exclusive use and control of said race track.

The appellee Nebraska City Speed & Fair Association contends that the city is estopped from denying that the said agreement with the city is valid, and from claiming that it is void for want of power in the city to grant to appellee the use of said premises, by reason of the fact that in pursuance of said agreement, with knowledge of said city, said appellee has made, and was permitted

by said city to make, the improvements in said park made by it and expend the sum therefor heretofore mentioned. It also claims, that by virtue of a proposition made to said city, whereby 24 acres of land purchased with the aforesaid trust fund of $5,000 was turned over to the city, and by it sold for $5,000, which sum was applied in the purchase of the land in controversy herein, the Nebraska City Speed & Fair Association was to have privileges in said park granted to it by said agreement. The proposition so submitted to the mayor and council of said city of Nebraska City was that the city of Nebraska City should purchase a tract of land in area of at least 40 acres, the title thereto to be in said Nebraska City, to be used for general park purposes, but especially to be devoted to athletics, driving park, stock show, and chautauqua purposes, and stated that at least the sum of $5,000 would be raised by the citizens of Nebraska City for putting the grounds so used in condition for a race track, baseball, football, and athletic field purposes, and also stated that said offer was made to the city with the earnest desire to secure to the city a public park that would bring to the parties offering the same facilities such as outlined therein, and that, "We impose no conditions in the acceptance; we want it to be the property of our city absolutely for all time for pleasure and profit of its people." This, in substance, was the proposition accepted by the city after which said bonds in the sum of $5,000 were voted and issued for the purchase of said tract of land. There is nothing in said proposition which suggests or requires that three-fifths or any part of the tract of land to be acquired by the city for such public park should be granted to said appellee in any manner whatever.

A city cannot be estopped from denying the validity of a contract which it has no power or authority to make. *Citizens Bank v. City of Spencer,* 126 Ia. 101.

Appellees contend that this rule does not apply where the city is not acting in its governmental capacity, but

is acting in a proprietary and business capacity, and that in making said contract the city was acting in its business capacity, and that therefore the rule of estoppel as to private individuals should apply to the city.

The authority to maintain and control a public park is essentially a part of the machinery of government by a city necessary to maintain the park for the benefit of the public. It follows as a natural deduction that the agencies employed in respect to the same are governmental in character. The act on the part of the park commissioners in granting to the Nebraska City Speed & Fair Association the greater part of said park was not an act of the city in its private or proprietary character. It was an act in its governmental capacity. The signing of the contract may have been an act in its business capacity. But the contract itself provided for governmental acts and control of the larger part of said park by the Nebraska City Speed & Fair Association. This court has held in *Caughlan v. City of Omaha*, 103 Neb. 726, that a city in maintaining a public park performs a governmental function, as distinguished from a proprietary or business enterprise. By that agreement with appellee the maintenance and control of at least three-fifths of the area of said park was purported to be granted and delegated to the Nebraska City Speed & Fair Association, to exercise the same as it saw fit. This was delegating to it a governmental function. "The legislative power vested in municipal bodies cannot be bartered away in such manner as to disable them from the performance of their public functions." *Wabash R. Co. v. Defiance*, 167 U. S. 88. *Milhau v. Sharp*, 27 N. Y. 611.

A municipality has no power to enter into contracts which curtail or prohibit an exercise of its legislative or administrative authority. *State v. Board of Park Commissioners*, 100 Minn. 150.

Maintenance of a park by a city for the sole benefit of the public, and not for profit or benefit of the mu-

nicipal corporation, is a governmental or public function. *Harper v. City of Topeka,* 92 Kan. 11.

The doctrine of estoppel could only be applied on account of benefits received by the public by reason of the act the validity of which is questioned. The only benefit to the public by reason of the construction of this race track and buildings, in said park by said appellee, when controlled as provided for by said agreement, is the entertainment provided for them, at the three days' annual race-meet held by appellee, for the enjoyment of which the public were required to pay an admission fee. The remainder of the year, and in fact at all times, the public were excluded from enjoying said race track for a driveway through said park, and from the use thereof in any manner. They were also excluded by the acts of appellee from the use of two acres of the land in controversy which was suitable, by reason of its trees and grass, for park purposes. The city had no power to contract for the construction of a race track in its public park for the exclusive use of the Nebraska City Speed & Fair Association. It might, however, contract for the construction of driveways in the park for the use of the public and the race track therein constructed might be used for such driveway.

The city had power to grant to appellee a license or concession to hold in said park race-meets, for short periods of time, for the entertainment of the public, the same as it might grant a concession for providing refreshments or any other amusement for the public. While affording such entertainment and for a reasonable time prior thereto, for the purpose of putting the race track in proper condition therefor, appellee might be given control of the race track. While the meet is in progress, and an admission fee charged, it might be given control, subject to reasonable rules and regulations made by the board of park commissioners, for the purpose of said entertainment, of the entire grounds. It might also, as such licensee, be given exclusive control of

the buildings, necessary for affording said entertainment, which it erected, during the entire time that it retained such license. At all times, when said race track was not so used for the purpose of a race-meet or preparation therefor, the same should be open to the public for use as a driveway, under such reasonable rules and regulations as might be made by the city park commissioners and the city ordinances. Appellee could not have the use of said race track for the training of horses, unless it be. for such short time immediately preceding its race-meet as might be deemed proper therfor by the park commissioners. A city has no power to grant a concession in its public park or public property without reserving to its proper officers the power of supervision and control of the use of the park for the benefit of the public.

The said contract between appellant and said appellee Nebraska City Speed & Fair Association, so far as it grants to it the use and control of said race track and grounds, for the purpose of holding annual race-meets, may be valid as a license or concession for providing such an entertainment for the public. But it is invalid and void so far as it attempts to give to said Nebraska City Speed & Fair Association the use and control of said race track and grounds of said park during the times the same are not used for the purpose of providing such entertainment. When not so used the supervision, maintenance and control of the same must be in the city by its proper officers. Upon ceasing to conduct such entertainment or termination by the city of said concession, appellee Nebraska City Speed & Fair Association would have the right to remove all buildings in said park owned by it, provided such removal did not injure the premises for the use by the public as a park. The race track, however, should remain uninjured for a public driveway in said park. The said acts of appellee in assuming and exercising the exclusive use, management and control of all that portion of said park south of Table creek

was an ouster by it of the public and of the appellant therefrom. Appellant is entitled to recover the possession of said premises from appellees for use of the same by the public. The finding and judgment should have been for plaintiff.

The judgment of the court is therefore reversed and this cause remanded for further proceedings in accordance with the opinion herein.

REVERSED.