WILLIAM E. SEIDEL ET AL., APPELLANTS, V. THE CITY OF SEWARD, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

133 N. W. 2d 390

Filed February 26, 1965. No. 35822.

Russell A. Souchek, for appellants.

Robert T. Cattle, Jr., and Ivan A. Blevens, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

An elusive street boundary is the object of search. Plaintiffs have pleaded two claims: The boundary is less than 50 feet from a 1/64th section line marking the center of the street, and their property was damaged by defendants in paving the street. After a trial the suit was dismissed.

The controversial line is common to the west side of Second Street in defendant City of Seward and the east side of land owned by plaintiffs and described in the deed to them as bounded by the 1/64th section line "subject to the public highway along the East line of said premises."

Early records indicate an overall width of 100 feet. February 1, 1883, the Commissioner of Public Lands and Buildings, as a member of the board of education ad-

ministering sales of public school lands, recorded an unscaled plat of a subdivision containing an unlabeled rectangular space of unspecified width in the location of the present street. The space divides numbered lots. See Laws 1877, § 33, p. 186. A distance of 100 feet appears on an old plat in the county records of irregular tracts.

Later events strengthened the earlier indication. In 1963 the street was paved by the city. Engineers laid out a right-of-way of 100 feet with its center on the 1/64th section line. Testimony correlated their survey and records "supposed to be official * * *." On the ground they discovered several property pins on or within a foot of these side lines.

Evidence of an 80-foot street consists of an old unrecorded map, testimony of one plaintiff, and a pleading of the city in the proceeding by which this area was annexed to the city. In spite of this evidence we are persuaded that the distance between the 1/64th section line and the western side line of the street is 50 feet.

Plaintiffs also challenge the power of the Board of Educational Lands and Funds. They declare that it could not dedicate roads over school lands and that therefore Second Street was established either by prescription or by dedication and prescription. In a similar vein they press a statute which provided: "All public roads shall have a width of sixty-six feet, * * *." Laws 1879, § 2, p. 120.

The condition of plaintiffs' title leaps to mind. Without explanation they have exhibited a 1949 deed to them with the phrase "subject to the public highway." The city introduced testimony concerning a deed from the state, dated June 16, 1883, and recorded November 20, 1883. It describes the land by lot numbers in the commissioner's plat, includes plaintiffs' property, and by silence excludes the unlabeled space.

At any rate no part went free of the highway. Hypothesize in their chain of title a conveyance from the

state containing a description identical with the one in the 1949 deed. The argument, then, amounts to this: "Highway" is to have one meaning in the dedication, another in plaintiffs' title, and that from a common source.

Board authority is an academic question. The school lands are held in public trust. State ex rel. Johnson v. Central Nebraska Public Power & Irr. Dist., 143 Neb. 153, 8 N. W. 2d 841. Claimants are charged with knowledge of the trust obligations of the state. State v. Platte Valley Public Power & Irr. Dist., 147 Neb. 289, 23 N. W. 2d 300, 166 A. L. R. 1196. The inquiry pertinent here is the action of the board, not its authority. Plaintiffs must look to their own title—not to weakness in an adverse one. Jones v. Schmidt, 170 Neb. 351, 102 N. W. 2d 640.

In view of our conclusion on the boundary dispute plaintiffs have no claim for direct harm from the paving project. However, they allege that the city breached an oral bargain between plaintiffs and a city councilman for location of the center of the pavement on the 1/64th section line. The consideration was withdrawal of plaintiffs' objections to annexation.

If made, the bargain is unenforceable. A city has no power to enter into contracts which curtail or prohibit its exercise of legislative or administrative authority. Bucholz v. City of Omaha, 174 Neb. 862, 120 N. W. 2d 270; City of Nebraska City v. Nebraska City Speed & Fair Assn., 107 Neb. 576, 186 N. W. 374.

The judgment of the district court should be, and is, affirmed.

AFFIRMED.

SPENCER, J., concurs in result.