Sun Oil Company et al., appellants, v. Mary Emery et al., appellees.

164 N. W. 2d 644

Filed January 31, 1969. No. 36958.

Robert J. Bulger and Richard W. Coates, for appellants.

Frank Glebe and Lyman & Gallawa, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, and McCown, JJ., and Hubka and Garrotto, District Judges.

White, C. J.

The question involved in this case is whether the plaintiff acquired a title in fee or a mere right-of-way by virtue of a deed executed by their predecessors in the chain of title in 1910. The pertinent portions of the deed are: "That the said parties * * * have remised, released and quit-claimed, and by these presents do, for themselves, their heirs, executors, administrators and assigns, remise, release and forever quit-claim and convey unto the said party of the second part and to its successors and assigns forever, all their right, title, interest, estate, claim and demand, both at law and in equity, of, in and to all of a certain strip of ground in

"Lot No. 3 in Section Eighteen _____(18)
Township Twenty-two _____(22)
North of Range Fifty-three _____(53)
"west of the Sixth Principal Meridian in Scotts

Bluff County, Nebraska; *said strip of ground* being of the uniform width of one hundred and fifty (150) feet, being seventy-five feet (75 ft.) on each side of the center line of The Farmers Mutual Canal Company's canal, as surveyed and located over, through and across said Lot No. Three (3) of said Section Eighteen (18)

*"This deed is given for the purpose of conveying to the party of the second part a right of way for its irrigation canal over, through and across said above described premises, together with all and singular the hereditaments thereunto belonging.*

"To have and to hold the above described premises unto the said The Farmers Mutual Canal Company, its successors and assigns, so that neither they, the said Mathias Schumacher and Nancy Schumacher, *nor any person in their name and behalf, shall or will hereafter claim or demand any right, title or interest to the said premises or any part thereof; but they and every one of them shall by these presents be excluded and forever barred."* (Emphasis supplied.)

Considerable ingenious and refined argument in the briefs of both parties is devoted to a discussion of the rules of construction used in construing deeds. These rules, of course, may be helpful in determining the fundamental question of the intent of the parties, but they should never be applied with ritualistic supremacy. The rule of law at the bottom of this case and in effect at the time the conveyance was made in 1910 is section 6192, Rev. St. 1913, as follows: "Every conveyance of real estate shall pass all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." The present statute, section 76-104, R. R. S. 1943, is in part as follows: "An otherwise effective conveyance of property transfers the entire interest which the conveyor has and has the power to convey, unless an intent to transfer a less interest is effectively manifested."

In determining whether there was an effective limita-

tion required by the statute, the question boils down to whether the words, "This deed is given for the purpose of conveying to the party of the second part a right of way for its irrigation canal * * *" is mere description or whether it effectively created an intent to reserve an interest in the property, contrary to the absolute terms of the granting clause and the last paragraph, the traditional "habendum" clause.

In Carr v. Miller, 105 Neb. 623, 181 N. W. 557, the pertinent language of the deed was: "* * * does hereby grant, bargain, sell, and convey unto the said Omaha Bridge and Terminal Railway Company, its successors and assigns, for terminal and railway purposes and uses, the following described real estate * * *." This court said: "We think that the words quoted amount at most only to a description of the use to which the land was to be put, or at most a covenant for the violation of which a suit for damages might be maintained. * * * We find nothing in the words, 'for terminal and railway purposes and uses,' which indicates that *the grantor intended to reserve in itself any interest whatsoever in the land granted, or even that the language constituted a restriction of the use of the land to the railway tracks and facilities.* Before such a construction could be approved it would be necessary to find *some language in the instrument indicating such an intent.*" (Emphasis supplied.) The Carr case has long been the law in the State of Nebraska and has been followed in many jurisdictions in almost identical conveyances with the one therein presented and with the present case. See, Carr v. Miller, *supra;* Midkiff v. Castle & Cooke, Inc., 45 Hawaii 409, 368 P. 2d 887; Rowell v. Gulf, M. & O. R.R. Co., 248 Ala. 463, 28 So. 2d 209; Midstate Oil Co. v. Ocean Shore R.R. Co., 93 Cal. App. 704, 270 P. 2d 216; Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co., 328 Mo. 1118, 43 S. W. 2d 817; Radetsky v. Jorgensen, 70 Colo. 423, 202 P. 175; 26 C. J. S., Deeds, § 134, pp. 987, 988; 19 Am. Jur. 2d, Estates, § 29, p. 107. The Carr case

and the overwhelming weight of authority seem to support the rule that a purpose clause, of and by itself, does not operate to limit the estate granted by the deed. It does not convert an otherwise absolute granting and habendum clause into an easement or other limited estate, unless there is other language clearly manifesting such an intention. This interpretation is not only logical but is consonant with the intent statute and the principle underlying it, to maintain the stability and certainty of real estate titles and favor the vesting of fee estates in the interest of maintaining the freedom of alienability of property. We, therefore, come to the conclusion, construing the whole deed, that the purpose clause used is a mere expression or recital of the anticipated use by the immediate grantee of the property and does not indicate an intent to limit the estate granted unequivocally and absolutely in the granting clause and confirmed by the hallowed finality of the habendum clause.

So construed, the purpose clause is consistent with the other language in the deed and it is not necessary to reach any issue of conflict between the clauses discussed by this court in City of Gering v. Jones, 175 Neb. 626, 122 N. W. 2d 503. As mentioned, this case has been very ably argued and presented by counsel of all the parties. As an original matter, the decision in this case would be close. But our previous decisions, followed in the cases generally, together with the basic policy behind the intent statute, leaves us no room for doubt as to the decision in this case. We further point out that a grantor is charged with knowledge of the intent statute, and if he desired to create a mere easement or to convey a determinable fee, he could have easily used appropriate language for this purpose.

Consideration should be given to the strenuous insistence by appellees of the applicability of Blakely v. Chicago, K. & N. Ry. Co., on rehearing, 46 Neb. 272, 64 N. W. 972. There the court held that a conveyance for "right of way and for operating its railway *only*" did not

convey a fee. Not only is the Carr case a much later case, but the Blakely case has not been followed in other jurisdictions passing on this situation. But an even stronger reason exists for rejecting it. The Blakely case perhaps anticipated the Carr case as well as the case before us by specifically pointing out that it did not pass on the question if the deed involved therein had been absolute in form.

The district court found that only an easement had been granted and rendered judgment accordingly. The judgment of the district court is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.