FREDERICK W. BODE ET AL., APPELLANTS, V. FLOBERT INDUSTRIES, INC., A CORPORATION, ET AL., APPELLEES.
LEONARD HOEFER ET AL., APPELLANTS, V. FLOBERT INDUSTRIES, INC., A CORPORATION, ET AL., APPELLEES.
249 N. W. 2d 750

Filed January 26, 1977. Nos. 40785, 40786.

Stanley J. Oliverus, for appellants.

Robert M. O'Gara of Marti, Dalton, Bruckner, O'Gara & Keating and Robert W. Smith, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.
We have before us two cases which were consolidated

for trial and for hearing in this court. Both involve title to abandoned railroad rights-of-way. One will be referred to as the Hoefer case and the other, the Bode case. In each instance former owners executed conveyances to the Fremont, Elkhorn and Missouri Valley Railroad Company. The conveyances were identical except for the description of the land crossed by the rights-of-way. The conveyance to the Hoefer land was dated November 8, 1886, and to the Bode land, November 22, 1886.

The substance of the two conveyances is as follows except for a variation in the description and amount of consideration in the Hoefer case: "This Indenture, Made this 22d day of Novr. in the year of our Lord one thousand eight hundred and eighty-six * * *, Witnesseth: That whereas, the said Fremont, Elkhorn and Missouri Valley Railroad Company, party of the second part, is now constructing a railroad, * * *, and the said party of the first part being desirous of the constructon of said railroad, and to aid the same by the grant herein made, in consideration of the premises and of the sum of Four Hundred & no/100 Dollars, * * *, have *given, granted, bargained, sold, conveyed and confirmed,* and by these presents *do give, grant, bargain, sell, convey and confirm,* to the said party of the second part, *and to its successors and assigns forever, for the purpose of constructing a railroad thereon,* and *for all uses and purposes connected with the construction and use of said railroad, a strip of land one hundred feet in width being fifty feet in width on each side of the center line of said railroad, wherever the same has been or may be definitely located* over and across the West half of Section Thirty-six (36) Township Twenty-three (23) North, Range Seven (7) West of the sixth principal meridian. * * * *To have, hold, and enjoy* the lands above conveyed with the appurtenances and privileges thereto pertaining, *and the right to use the said land and material of whatsoever*

*kind within the limits of the said one hundred feet above conveyed,* * * * unto the said party of the second part, * * *, *and its successors and assigns, forever, for any and all uses and purposes connected with the construction, preservation, occupation and enjoyment of said railroad."* (Emphasis supplied.)

The instrument also provides for a release by grantors of "all costs, expenses and damages" then or in the future sustained by reason of the construction and use of the railroad; that second party may remove earth or deposit earth "outside of said limits." It provides that in the event of the failure to locate and construct said railroad within 10 years, or of its abandonment or change of route, "the land hereby conveyed, and all rights in and to the same, *shall revert*" to grantors, their heirs, and assigns. Grantors covenant that they are the owners and *"lawfully seized and possessed"* of said premises, that they are *free from encumbrance,* and that they will *warrant and defend* said lands against all lawful claims and demands. (Emphasis supplied.)

The title to the Bode land, being school land, was derived from the State of Nebraska. It had been purchased on contract and conveyance to the railroad company made prior to receipt of title by the purchaser. On February 18, 1887, the State deeded the railroad right-of-way containing 12 10/100 acres, in fee simple, directly to the railroad company. On January 10, 1902, the State conveyed the principal tract, less the 12 10/100 acres deeded to the railroad company, to the assignee of the original contract purchaser. An assignee of the original purchaser conveyed to the railroad company on November 22, 1886, before receipt of title from the State. It is evident that the Bode predecessors in title did not at any time acquire more than an equitable interest in the railroad right-of-way land, title having remained in the State until the direct conveyance to the

railroad company. Under such circumstance, the plaintiffs Bode cannot recover.

In the Hoefer case the original owner derived title by patent from the United States. The patentee conveyed to the railroad company by an instrument similar to the one above mentioned. The patent was to 160 acres and this land was conveyed as 160 acres to the second party in the chain of title, thereby conveying also any interest retained in the railroad right-of-way. The next two conveyances were for only 154 acres and presumably did not cover the railroad right-of-way. At this point the land was transferred by will and simply described the quarter section as a whole. The next conveyance of the land stated "except for railway right of way." The next conveyance, which was to the plaintiffs Hoefer, stated "except railroad."

The right-of-way through both the Hoefer and Bode properties was conveyed to the defendant Flobert Industries, Inc., by the railroad company.

If the original conveyance of the right-of-way across the Hoefer land is a deed in fee simple determinable or conditional, the Hoefer claim of reverter is barred by section 76-107 and sections 76-299, et seq., R. R. S. 1943. We are constrained to hold, however, that only an easement was transferred. The conveyance must be construed with a view to carrying into effect the true intent of the parties so far as it can be ascertained from the whole instrument and is consistent with the rules of law. See Carr v. Miller, 105 Neb. 623, 181 N. W. 557. We held in that case that a conveyance "for terminal and railway purposes and uses" without a provision for reversion was a conveyance in fee simple.

In Blakely v. Chicago, K. & N. Ry. Co., 46 Neb. 272, 64 N. W. 972, a grant "for right of way and for operating its railway only" was held to be only an easement.

To the same effect is George v. Pracheil, 92 Neb. 81, 137 N. W. 880. That case contained the same provisions as in the deed we deal with here relative to reverter

in the event of failure to construct the railroad or abandonment of it. It is stated therein: "The intention of the grantor and grantee would seem to be that if the road is not built the title shall revert, or if it is abandoned then the title shall revert. The conveyance is apparently for the purpose only of enabling the road to occupy the strip for right of way alone, and that can give no more than an easement." See, also, Annotation, 6 A. L. R. 3d 973. It therefore appears that since the railroad company acquired only an easement through the Hoefer land, on abandonment of the railroad, the Hoefers would have a right of reentry if title to the railroad land is vested in them; otherwise the reversion would be to the heirs of Budd D. Tuttle who was the last to receive a conveyance of the entire quarter section. "A right or interest reserved in a duly recorded conveyance will be effective as against all who deraign title through the grantee, although the reservation is not expressed in subsequent deeds. Similarly, the fact that subsequent deeds contain no language showing exceptions made in a former deed within the chain of title does not abrogate or destroy such exceptions." 23 Am. Jur. 2d, Deeds, § 268, p. 303.

"In an action to quiet title a recovery by a plaintiff must be based upon the strength of his own title and not upon any weakness in the title of his adversary." Seidel v. City of Seward, 178 Neb. 345, 133 N. W. 2d 390. As heretofore noted in the chain of title, there are two deeds for limited acreages and two others *excepting* the railroad right-of-way. "* * * an 'exception' operates to withdraw some part of the thing granted which would otherwise pass to the grantee under the general description, which was in esse at the time of the conveyance and which until such conveyance and the severance thereby was comprised in the thing granted." 23 Am. Jur. 2d, Deeds, § 262, p. 297.

"The courts with practical unanimity agree that the use of the technical word 'exception' or 'reservation'

will not be allowed to control the manifest intent of the parties, but that such words will be given a fair and reasonable interpretation looking to the intention of the parties, which is to be sought from a reading of the entire instrument, and, when their intention is determined, it will be given effect, provided no settled rules of law are thereby violated." 23 Am. Jur. 2d, Deeds, § 274, p. 309. See, also, Kozak v. State, 189 Neb. 525, 203 N. W. 2d 516. Although there was some dissension voiced in regard to the Kozak decision, in the present instance the rule seems clearly applicable.

In view of the fact that two grantors in the chain of title conveyed only 154 acres out of the 160-acre tract, it would appear that the later grantors never acquired title to the reversionary interest held by the first two owners and that the term "exception" necessarily included the reversionary interest in the railroad right-of-way. We conclude that the plaintiffs Hoefer have failed to show a title sufficient to permit them to prevail in this action.

The judgments of the District Court are affirmed in both cases.

AFFIRMED.

WHITE, C. J., dissenting.

I dissent in Hoefer v. Flobert Industries, Inc., No. 40786, for the reasons stated in my dissent in Kozak v. State, 189 Neb. 525, 203 N. W. 2d 516.

BOSLAUGH and NEWTON, JJ., join in this dissent.