REQUESTED BY: William F. Davis, Otoe County Attorney, Nebraska City, Nebraska.
Do the County Commissioners of Otoe County have authority to enter into a contract with a private party to operate a solid waste disposal area, including the hauling of garbage from a transfer station site to the landfill site, if county personnel collect any fees charged at either site?
No, but it may hire the employees necessary for it to operate such a facility itself.
A county is a body politic and corporate whose powers as such are exercised in counties not under township organization by the board of county commissioners. Sections23-101 and 23-103, R.R.S. 1943. All contracts entered into with a county board for any service in the absence of a statute expressly authorizing such a contract are unlawful. Section 23-336, R.R.S. 1943. However, a county board must necessarily possess an authority commensurate with its public trust and duties. Therefore it also has such powers as arise by necessary implication or such as are incidentally necessary to carry into effect those powers expressly granted. See, Speer v. Kratzenstein, 143 Neb. 300, as vacated and reversed by 143 Neb. 310, 12 N.W.2d 360 (1943), and section 23-104(6), R.R.S. 1943. Nevertheless, a grant of power to a county is strictly construed and any fair and reasonable doubt of the existence of the power is resolved against the county. State ex rel. Johnson, et al. v.County of Gage, 154 Neb. 822, 49 N.W.2d 672 (1951).
Section 23-379, R.R.S. 1943, provides:
 "Each county may purchase, construct, maintain, and improve garbage disposal plants, systems or solid waste disposal areas, and purchase equipment for the operation thereof, for the use of its inhabitants and incorporated municipalities located in such county, . . ."
When a statute does not include a definition of a term, the term is given its usual and ordinary meaning. See, Statev. Byrum, 60 Neb. 384, 387, 83 N.W. 207 (1900). The ordinary meaning of `maintain' includes to carry on, to keep in good repair and to provide for. These are elements of `operate' which means, among other things, to conduct the affairs of a business. See, The American Heritage Dictionary of the English Language, Houghton Mifflin Company, 1969, 1970, 1971. Thus we have concluded that the Board of County Commissioners of Otoe County has express authority to operate a solid waste disposal area in Otoe County.
There is no express authority for a county to contract with a private person, firm or corporation to operate such a facility. Inasmuch as such acts are discretionary or statutory duties of the Board, as discussed above, the Board may not make such contracts. See, Thiles v. County Board ofSarpy County, 189 Neb. 1, 6, 200 N.W.2d 13 (1972). If the control of the operation remains with the Board, this does not preclude the Board from hiring employees to assist it in operating the solid waste disposal area. The authority to do so arises from section 23-104 or is implied as set out inSpeer, above. See, City of Nebraska City v. NebraskaCity Speed and Fair Ass'n., 107 Neb. 576, 186 N.W. 374
(1922), and Gallagher v. City of Omaha, 189 Neb. 598,204 N.W.2d 157 (1973), where cities attempted to contract away their control in such circumstances. A county may be even more limited in this respect than a city. See, State exrel. Johnson, et al. v. County of Gage, above, at 829, andLindburg v. Bennett, 117 Neb. 66, 77, 219 N.W.2d 851
(1928).
We have concluded that the County Board of Commissioners of Otoe County may not by contract delegate to a private person, firm or corporation its authority to operate a solid waste disposal area. However it may hire the employees necessary for it to operate such a facility itself.