EVERETT A. LILLICH, APPELLANT, V. ALVIN LOWERY ET AL., APPELLEES.

320 N.W.2d 463

Filed June 4, 1982. No. 44193.

Edward F. Carter, Jr., and Barney, Carter & Johnson, P.C., for appellant.

W. E. Garrison and Garrison & Garrison, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

Plaintiff commenced this action in the District Court to quiet title against the defendants as to a strip of land 100 feet in width, extending across a portion of the north half of the northwest quarter of Section 4, Township 3 North, Range 5 West of the 6th P.M., Nuckolls County, Nebraska. Defendants filed an answer and cross-petition, requesting that title be quieted in them as to the same property. The trial court found in favor of the defendants, dismissed the plaintiff's petition, and ordered title quieted in the defendants. The plaintiff has appealed, assigning as error that the judgment was not sustained by the evidence and was contrary to law. We affirm.

The bill of exceptions consists solely of copies of deeds and various court proceedings in both the county court and the District Court. However, the facts do not seem to be in dispute. Because we determine that the defendants possess a valid fee title to the disputed strip, it is not necessary for us to discuss the obvious weakness of the plaintiff's claim to title.

In 1887 Larkin J. Fletcher acquired title by patent to the 80-acre tract described as the north half of the northwest quarter of Section 4, Township 3 North, Range 5 West. The following year, the Fremont, Elkhorn and Missouri Valley Railroad Company, apparently the predecessor of the Chicago & Northwestern Railroad Company, acquired by appropriation for right-of-way purposes a strip of land 100 feet wide across the 80-acre tract according to the

"plat and profile of said road," consisting of 1.45 acres. The defendants allege in their cross-petition, which is admitted by the plaintiff's reply, that the 100-foot-wide strip of land previously described "constituted an easement for a railroad right-of-way which easement terminated upon abandonment of the railroad in 1976."

Larkin J. Fletcher died in 1940 seized of this 80-acre tract, leaving his widow, several children, and a grandchild surviving him as heirs and devisees. During the course of the administration of this estate, it became necessary to sell the 80-acre tract to pay the debts of the estate. A license to sell was obtained in the District Court, describing the property ordered sold as: "The N½NW¼ of Section 4 . . . all in Township 3, North Range 5, in Nuckolls County, Nebraska . . . ." Pursuant to notice, a public sale was held, at which Ray J. Lowery was the successful bidder. This sale was confirmed, and the administrator was directed to execute a proper deed of conveyance to the purchaser. However, the deed executed by the administrator described the property as: "The North Half of the Northwest Quarter . . . *excepting the present right-of-way* of the C&NW Railroad Company across said lands, but otherwise free and clear of all liens and incumbrances . . . ." (Emphasis supplied.) The defendants are the heirs of Ray J. Lowery and the successors to his right, title, and interest in the property which he purchased at that judicial sale.

In order to define the scope of the estate granted by the administrator's deed, it is necessary to determine the nature of the interest excepted from the calls in that instrument. Excepted was the "present right-of-way" of the railroad company. This right-of-way had been acquired by appropriation. Since as early as *Roberts v. Sioux City & P. R. Co.,* 73 Neb. 8, 102 N.W 60 (1905), we have held that a railroad company which acquires its right-of-way by

condemnation proceedings secures merely an easement in the right-of-way which authorizes it to build and operate its railroad as a public highway. "The fee title and servient estate remains in the original owner, and *may be sold and conveyed by him to another. . . .* [A]nd whenever the right of way is abandoned for that purpose, *it reverts at once to the owner of the servient estate."* (Emphasis supplied.) *Id.* at 22, 102 N.W. at 65. We believe it is abundantly clear in this case that the only thing excepted in the administrator's deed was the easement. The rest of the estate, including the fee title to the right-of-way, passed to the defendants' predecessor in title. Therefore, the defendants held title to the servient estate in 1976 when the railroad abandoned the right-of-way.

However, the plaintiff relies upon *Bode v. Flobert Industries, Inc.,* 197 Neb. 488, 249 N.W.2d 750 (1977), to support his proposition that a deed conveying a tract of land, except for an easement over a portion of that ground, retains in the grantor the fee title to the property underlying the easement. It is not entirely clear from a reading of that opinion, but it seems that the court was impressed by the fact that, although the patent and original conveyance of the particular tract of land covered 160 acres, the following conveyances "were for only 154 acres and presumably did not cover the railroad right-of-way." *Id.* at 492, 249 N.W.2d at 753. Additionally, the opinion takes pains to point out that the right-of-way was acquired by deed, and it emphasizes such words in the grant as " '*give, grant, bargain, sell, convey and confirm,* to the said party . . . *and to its successors and assigns forever . . . a strip of land . . . . To have, hold, and enjoy* the lands above conveyed with the appurtenances and privileges thereto pertaining,' " and further recites that in the event of an abandonment of the railroad " 'the land hereby conveyed . . . *shall revert*' to grantors, their heirs, and

assigns." *Id.* at 490-91, 249 N.W.2d at 752.

We do agree that both the language and the holding of that case lend support to the plaintiff's contention. Perhaps more importantly, *Bode* relied to a considerable extent upon *Kozak v. State,* 189 Neb. 525, 203 N.W.2d 516 (1973), the holding of which is also not completely clear. It seems that in Kozak's chain of title there was excepted from the property conveyed the right-of-way granted to the railroad company. The latter conveyed its right-of-way to the State of Nebraska. In coming to its conclusion, the *Kozak* court relied upon a number of legal principles which we conclude to be entirely sound. They were: " ' "An exception is said to be a *withdrawal from the operation of the grant, of some part of the thing granted* . . . . [A]n *exception in a deed is* nothing more than *a qualification, by which some part of the estate is not conveyed,* which would have passed to the grantee but for the exception. . . . The effect of *an exception is to exclude from the operation of the conveyance the interest specified* and it remains in the conveyor unaffected by the conveyance." ' " (Emphasis supplied.) *Id.* at 528-29, 203 N.W.2d at 518-19. Without further hesitation, the court then proceeded to reach the following conclusion: "Appellants [Kozak] premise their action herein on their contention that the railroad acquired only an easement by condemnation, and not fee title. It is not necessary for us to consider the nature of the interest acquired by condemnation. If it was less than a fee interest . . . appellants have not established sufficient title in themselves to maintain this action. . . . [A]ppellants must recover on the strength of their own title, and not on any apparent weakness that may exist in the title of the State . . . ." *Id.* at 529, 203 N.W.2d at 519.

The dissenting opinion of White, C.J., joined in by Boslaugh and Newton, JJ., met the issue head on, i.e., does a grant of title to a tract of land which ex-

empts a right-of-way or an easement withhold passage of fee title to the land underlying the easement, or does title pass to the grantee subject only to the outstanding right created by the easement? As stated in that dissenting opinion: "The construction of such language so as to except from the conveyance a strip of land such as that involved here is not only contrary to the probable intent of the parties, but also violates public policy." *Id.* at 531, 203 N.W.2d at 520. Because we believe that the holdings of *Bode* and *Kozak* are both unreasonable and illogical when cast in the light of the interpretation not unreasonably placed upon them by the plaintiff, we take this opportunity to reexamine our position in this matter.

In *Melton v. Davis,* 443 S.W.2d 605, 607 (Tex. Civ. App. 1969), citing *Lewis v. E. Texas Finance Co.,* 136 Tex. 149, 146 S.W.2d 977 (1941), the court said: " 'An instrument of conveyance which conveys land definitely described in such instrument, and then excepts from which conveyance a road, railroad right of way . . . as such, occupying a mere easement on, over, or across the land conveyed, conveys the fee to the entire tract, and the exception only operates to render the conveyance or grant subject to the easement.' " Similar language may be found in *Cravens v. Jolly,* 623 S.W.2d 569, 572 (Mo. App. 1981): "A corollary rule is that a grant of land with full covenants of warranty, which definitely describes the land conveyed, and then excepts or reserves a roadway for the use of the public, or a railroad or other right of way, as such, occupying a mere easement on, over, or across the land conveyed, conveys the fee to the entire tract subject to the easement reserved." The holding in *Cravens* was based in part on *Brown v. Weare,* 348 Mo. 135, 145, 152 S.W.2d 649, 656 (1941), in which it was said: "We cannot conceive that it was the intention of the grantor to retain the title to the servient estate in the strip over

which the right of way ran while disposing of the abutting land."

A provision in a deed excepting a portion of the premises taken by the railroad company for right-of-way was held not to operate to retain in the grantor title to such portions. *Hogg v. State,* 44 App. Div. 2d 747, 354 N.Y.S.2d 729 (1974). The court concluded that the grantee took title subject to the prior interests of the railroad company, and when such interest was extinguished, the grantee could assert title thereto in an appropriate proceeding.

In the final analysis, it must be apparent that to determine the effect of an exception in a deed it is necessary to clearly identify the nature of the right or title or interest excepted. In the case at hand, it seems beyond question that the interest held by the railroad company, and therefore excepted from the conveyance executed by the administrator, was a mere easement, which was extinguished upon abandonment and became merged with and into the servient estate, title to which is found in the defendants. The fee title to the underlying land passed by the terms of the administrator's deed. To the extent that *Kozak* and *Bode* conflict with this holding, they are overruled.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.