STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY, A UTAH CORPORATION, APPELLANT.
490 N.W.2d 461

Filed December 24, 1992.    Nos. S-89-1144, S-89-1345, S-89-1347.

Brenda J. Council for appellant.

Robert M. Spire, Attorney General, and Jeffery T. Schroeder for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.
These cases are now before this court on the motion of the

appellee for rehearing. The original opinion is reported at *State v. Union Pacific RR. Co.*, 241 Neb. 675, 490 N.W.2d 461 (1992).

The appellee has called our attention to the fact that Neb. Rev. Stat. § 76-107 (Reissue 1990) is not applicable. See Neb. Rev. Stat. § 76-2,104(5) (Reissue 1990).

Upon consideration of the motion, we have concluded that the possibilities of reverter contained in the right-of-way deeds to the defendant were void as restraints on alienation and that the last paragraph on page 686 of the opinion which appears in volume 241 of the Nebraska Reports and the first paragraph on page 687 of the opinion, which was filed on October 9, 1992, should be withdrawn and the following substituted for the deleted material:

However, we hold that the possibility of reverter contained in the original deeds to the Railroad herein are restraints against alienation and are therefore void and unenforceable.

In *Cast v. National Bank of Commerce T. & S. Assn.*, 186 Neb. 385, 391, 183 N.W.2d 485, 489-90 (1971), this court held that a condition attached to a fee simple estate is an indirect restraint on alienation "[i]f it materially affects marketability adversely." The *Cast* decision also stated:

> A majority of this court, including the writer, has come to the conclusion that the law is the same on direct and indirect restraints on alienation. The authorities are not in accord on the question. While much has been written on the subject, we adopt the following as a proper statement of the law: "As used in this treatise, the expression 'restraint on alienation' refers not merely to the restriction of the legal power of alienation, but also to the restriction of alienability as a practical matter. Any provision in a deed, will, contract, or other legal instrument which, if valid, would tend to impair the marketability of property, is a restraint on alienation." . . . "In brief, the law is concerned primarily with practical alienability [sic], not with a theoretical power of alienation."

*Id.* at 391, 183 N.W.2d at 490, quoting Lewis M. Simes & Allan F. Smith, The Law of Future Interests §§ 1111 and 1115 (2d ed. 1956).

In *Falls City v. Missouri Pacific Railroad Company*, 453 F.2d 771 (8th Cir. 1971), the U.S. Court of Appeals for the Eighth Circuit relied on the *Cast* decision and held that the reversionary interest in the railroad deed at issue in that case was void. In that case a clause in a deed to the railroad provided that the property was to revert to the city as grantor on failure of the grantee railroad to make use of the property as its divisional headquarters. The court held that this use limitation, in practical effect, completely restricted alienation of the land to other grantees. The court concluded that the reversionary interest in the railroad deed was unenforceable as an indirect restraint on alienation and concluded that the railroad held an indefeasible estate in fee simple.

In the present cases, the possibility of reverter set out in the deeds to the Railroad obviously affects the marketability of the title the Railroad received and completely limits alienability. Therefore, the possibility of reverter in the deeds is void, and the Railroad owns the property in fee simple absolute. The trial courts' judgments that the State acquired title to the property because of the appellant's abandonment of the right-of-way were incorrect.

The motion for rehearing is otherwise overruled, and the former opinion is modified.

FORMER OPINION MODIFIED.
MOTION FOR REHEARING OVERRULED.