CHARLES A. REIKOFSKI AND KATHY REIKOFSKI, HUSBAND AND WIFE, APPELLEES, V. JAMES K. BODWELL AND RETA M. BODWELL, HUSBAND AND WIFE, APPELLANTS.

529 N.W.2d 531

Filed March 24, 1995.   No. S-93-808.

Charles L. Caskey for appellants.

Charles W. Balsiger, P.C., for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CONNOLLY, J.

James K. and Reta M. Bodwell, husband and wife, appeal the decision by the district court for Stanton County wherein the district court quieted title in a certain tract of land in Stanton County in the names of Charles A. and Kathy Reikofski, husband and wife. We affirm the district court's decision because the Reikofskis obtained title in fee from their predecessors, while the Bodwells' predecessor in title conveyed only an easement to the Bodwells.

## I. FACTUAL BACKGROUND

Prior to November 17, 1879, Sidney and Rachel Holman owned the fee simple title to a tract of land identified as "Block Seventy-six (76)" in the original town of Stanton located in Stanton County, Nebraska. On November 17, 1879, the Holmans conveyed by warranty deed a portion in the north half of Block 76 to the Fremont-Elkhorn and Missouri Valley Railroad Company (Fremont Railroad Company). The relevant portions of the 1879 deed read:

> [W]hereas the said Fremont-Elkhorn and Missouri Valley Rail Road Company [grantee] is now constructing a Railroad from Wisner in the County of Cumming [sic] and State of Nebraska northerly up the Elkhorn Valley in the direction of the Missouri River, which said Rail road is to pass through the County of Stanton in said State of Nebraska and the said Sidney L. Holman and Rachel S. Holman being desirous for the construction of said Railroad and to aid the cause by the grant herein made. . . . And by these presents do give grant bargain sell convey and confirm to the said [grantee] and to its successors and assigns forever, for the purpose of constructing a Rail Road there on and for all uses and purposes connected with the construction and use of of [sic] said Railroad, a strip of land fifty feet in width on each side of the center line of said Railroad when the same has been definitely located

over and across the following described Real Estate to wit: [description of land]. . . . To Have Hold and Enjoy the lands above conveyed with the appurtenances and privileges thereto pertaining. And the right to use the said land and material of whatever kind, within the limits of the said one hundred feet above conveyed when it shall become necessary for cuts slopes repairs and embankments, unto the said [grantee] and to its successors and assigns forever for any and all uses and purposes connected with the construction preservation occupation and enjoyment of said Railroad. Provided that if said Railroad shall not be located and graded within ten years from date hereof, or if at any time after said Railroad shall have been constructed, the said grantee, its successors or assigns shall abandon said road or the route thereof shall be changed so as to be continued over said premises, the land hereby conveyed and all rights in and to the same, shall revert to the said grantor their heirs and assigns.

The record reflects that, at some point, the Holmans conveyed the title to Block 76. Though the record is unclear as to how it happened, Charles Reikofski's parents, George and Edith Reikofski, came to own Block 76 in fee simple. In separate warranty deeds dated November 21, 1968, George and Edith conveyed the south half of Block 76 to Charles in fee simple and the north half of Block 76 to Charles' brother Ronald Reikofski, in fee simple, subject to the railroad's right-of-way.

On March 24, 1971, Ronald and his wife, Janie, conveyed their fee simple interest in the north half of Block 76 to Charles by quitclaim deed, subject to the railroad's right-of-way. Charles also received quitclaim deeds for the north half of Block 76 from his sisters, Mary Ellen Lorenzen and Dixie Curry, and from his other brother, Donald Reikofski. On June 16, 1986, Charles and Kathy conveyed all of Block 76 to themselves in joint tenancy by warranty deed. Another warranty deed, dated January 13, 1989, conveyed a more limited portion of Block 76 to Charles and Kathy in joint tenancy.

At some point after Charles and Kathy Reikofski received all the deeds discussed above, the Fremont Railroad Company's

successor, Chicago Northwestern, ceased using the tract of land conveyed by the 1879 deed for railroad purposes. On January 11, 1990, Chicago Northwestern conveyed its interest in that land, as well as other land not involved in the instant proceedings, by quitclaim deed to James and Reta Bodwell.

The Reikofskis filed the petition in the instant case on October 19, 1992, asking the district court to quiet title to the land identified in the 1879 deed, which Chicago Northwestern purportedly conveyed to the Bodwells, in the Reikofskis' names and requesting an injunction to prevent the Bodwells from performing any work on the land. The Bodwells filed an answer and counterclaim wherein they asked the court to quiet title in their names and requested damages for the "improvement and additional expense to said real estate." The district court determined that the Reikofskis owned the contested land in fee simple and quieted title in their names.

## II. ASSIGNMENTS OF ERROR

The Bodwells contend that the district court erred in (1) determining that the 1879 deed conveyed only an easement to the Fremont Railroad Company, their predecessor in title; (2) quieting title in the contested land in the Reikofskis' names; and (3) not finding the reversionary interest conveyed in the 1879 deed void and unenforceable under Neb. Rev. Stat. § 76–107 (Reissue 1990).

## III. STANDARD OF REVIEW

An action to quiet title is equitable in nature. *Saunders v. Rebuck*, 242 Neb. 610, 496 N.W.2d 472 (1993); *Nennemann v. Rebuck*, 242 Neb. 604, 496 N.W.2d 467 (1993). See, also, *Monument Farms, Inc. v. Daggett*, 2 Neb. App. 988, 520 N.W.2d 556 (1994). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Synacek v. Omaha Cold Storage, ante* p. 244, 526 N.W.2d 91 (1995); *Nebraska Irrigation, Inc. v. Koch*, 246 Neb.

856, 523 N.W.2d 676 (1994); *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 521 N.W.2d 895 (1994).

## IV. ANALYSIS

### 1. APPLICABLE PROPOSITIONS OF LAW

In the instant case, the primary issue we need to decide in order to determine whether the district court's ruling is correct is whether the 1879 deed from the Holmans to the Fremont Railroad Company gave the railroad a defeasible fee or an easement. If the 1879 deed conveyed a defeasible fee, then the Reikofskis' claim of reverter in the deed is void as being an unreasonable restraint on alienation. See, *State v. Union Pacific RR. Co.*, 242 Neb. 97, 490 N.W.2d 461 (1992); *Cast v. National Bank of Commerce T. & S. Assn.*, 186 Neb. 385, 183 N.W.2d 485 (1971). See, also, *Falls City v. Missouri Pacific Railroad Company*, 453 F.2d 771 (8th Cir. 1971). However, if the 1879 deed merely conveyed an easement, as the Reikofskis contend, title to the land contained in the easement would revert to the Holmans' successors and assignees: the Reikofskis. See, *State v. Union Pacific RR. Co.*, 241 Neb. 675, 490 N.W.2d 461 (1992) (*Union Pacific RR. Co. I*), *modified on other grounds* 242 Neb. 97, 490 N.W.2d 461; *Bode v. Flobert Industries, Inc.*, 197 Neb. 488, 249 N.W.2d 750 (1977), *overruled in part on other grounds, Lillich v. Lowery*, 211 Neb. 757, 320 N.W.2d 463 (1982); *George v. Pracheil*, 92 Neb. 81, 137 N.W. 880 (1912), *overruled in part on other grounds, Commercial Fed. Sav. & Loan v. ABA Corp.*, 230 Neb. 317, 431 N.W.2d 613 (1988), and *Union Pacific RR. Co. I, supra*.

### 2. THE CONVEYANCE IN THE CASE AT BAR

The Holmans owned the real estate identified as Block 76 in fee simple when they executed the 1879 deed to the Fremont Railroad Company. It is well settled in Nebraska law that an otherwise effective conveyance of property transfers the entire interest which the conveyor has, and has the power to convey, unless an intent to transfer a less interest is effectively manifested. Neb. Rev. Stat. § 76–104 (Reissue 1990); *Union Pacific RR. Co. I, supra*; *Sun Oil Co. v. Emery*, 183 Neb. 793, 164 N.W.2d 644 (1969).

In *Bode v. Flobert Industries, Inc., supra*, this court analyzed a deed which granted a railroad a right–of–way through a certain tract of land, using language virtually identical to language used in the 1879 deed in the instant case. In *Bode*, we held that the deed transferred only an easement to the railroad to use the specified land for railroad purposes. We reach the same conclusion in the case at bar. The language of the 1879 deed demonstrated an intent to limit the grant of land to the Fremont Railroad Company. Like the deed in *Bode*, the 1879 deed in the instant case contained language in both the granting and habendum clauses indicating that the railroad company received a "right to use" the land conveyed.

The Bodwells cite *Union Pacific RR. Co. I* as authority for their contention that the 1879 deed transferred a defeasible fee in the specified land to the Fremont Railroad Company. However, *Union Pacific RR. Co. I* is distinguishable from the instant case because the granting clause in the deed in *Union Pacific RR. Co. I* made no exceptions, reservations, or specifications for the use of the land conveyed. For application, see *Elton Schmidt & Sons Farm Co. v. Kneib*, 2 Neb. App. 12, 507 N.W.2d 305 (1993). The granting clause in the 1879 deed in the case at bar, however, contained an express specification limiting the use of the land conveyed "for the purpose of constructing a Rail Road there on and for all uses and purposes connected with the construction and use of of [sic] said Railroad." Under *Bode*, that language in the granting clause, combined with similar limiting language in the habendum, conveyed only an easement for use of the land to the Fremont Railroad Company.

## V. CONCLUSION

The 1879 deed from the Holmans to the Fremont Railroad Company conveyed an easement over the land described therein for the railroad company's benefit. When Chicago Northwestern ceased using that land for railroad purposes, the easement was extinguished, and the land reverted back to the Holmans' successors and/or assignees, Charles and Kathy Reikofski. The Reikofskis own the contested land in fee simple.

AFFIRMED.